Lee Roy COCKERHAM, Jr., and Jane
Cockerham, Plaintiffs-Appellants,

v.

David GARVIN, et al., Defendants,

Veterans Administration,
Defendant-Appellee.

No. 84–5619.

United States Court of Appeals,
Sixth Circuit.

Aug. 2, 1985.

Argued June 11, 1985.

Joseph R. Huddleston, argued, Huddleston Brothers & Duncan, Bowling Green, Ky., for plaintiffs-appellants.

Ronald E. Meredith, U.S. Atty., Louisville, Ky., Michael F. Spalding, David Busse, argued, for defendant-appellee.

Before MERRITT and CONTIE, Circuit Judges; BROWN, Senior Circuit Judge.

MERRITT, Circuit Judge.

Plaintiff, a veteran who received extensive medical services while in a Veterans Administration Hospital, appeals from the judgment of the District Court awarding the costs of those services to the Veterans Administration under the Medical Care Recovery Act, 42 U.S.C. § 2651. The Court awarded judgment to the Veterans Administration after the government filed a motion asking the Court to award it funds that had been placed in escrow pursuant to a settlement agreement. The settlement agreement was negotiated by the veteran and the tortfeasors whom he had sued for damages arising from a motorcycle accident.

Plaintiff argues on appeal that the District Court lacked jurisdiction to award judgment for the government because the government had not intervened in the veteran's action against the tortfeasors responsible for his injury. The government was therefore not a party properly before the Court. Plaintiff also asserts that the government's cause of action is one founded upon a tort and therefore is barred by the three year statute of limitations in 28 U.S.C. § 2415(b). We reverse the judgment of the District Court and remand for a hearing upon the guidelines established below.

## I.

The present case finds its source in medical services given to plaintiff after he was severely injured in a motorcycle accident on June 17, 1978. He was an in-patient at a Bowling Green hospital from June 17, 1978, through November 6, 1978; he then transferred to a Veterans Administration hospital where he remained until March 16, 1979. Among other serious injuries, his leg was amputated.

Plaintiff filed suit against several defendants in 1979, including the owners and operators of the park in which he was riding, the cyclists who ran into him, and the National Hot Rod Association. On the eve of the trial date, plaintiff reached a settlement with the park owners, in which the owners agreed to $150,000 in return for plaintiff's release. The Veterans Administration did not intervene in the proceeding. The settlement agreement stipulated, in order to protect the defendants from any future claims against them by the Veterans Administration to recoup medical costs under the Medical Care Recovery Act, that plaintiff would place $20,000 in escrow "until appropriate settlement has been made between said plaintiff and the Administrator of Veteran Affairs for the United States of America."[1]

Cockerham and the VA unsuccessfully pursued settlement negotiations; no negotiations transpired after late winter 1981. Plaintiff's attorneys filed the motion that is the subject of this appeal on February 23, 1984, requesting permission to distribute the $20,000 plus interest held in escrow to Cockerham. The VA responded by filing a motion on March 5, 1984, asking the District Court to order distribution of the sum of $19,885.00 to it, rather than to Cockerham.

The District Court granted the VA's motion and then overruled Cockerham's motion to set aside the order. In overruling the motion to set aside its order, the Court rejected Cockerham's argument that the government was barred by the three year statute of limitations made applicable to

---

1. The settlement provided as follows:
   [Plaintiff's attorneys] shall withhold distribution of the funds payable to Lee Roy Cockerham, Jr. until appropriate settlement has been made between said plaintiff and the Administrator of Veteran Affairs for the United States of America. The plaintiff, Lee Roy Cockerham, Jr., agrees to indemnify and hold harmless all defendants in this action, with the exception of Edward Kaminski and Paul Matranga, from any and all claims the Veterans Administration might have as a result of the subject matter of this action.

the United States in 28 U.S.C. § 2415(b). Judge Siler held that "plaintiff was given notice of the government's claim ... within the time proscribed (sic) by 28 U.S.C. § 2415(b)," and that therefore the action was not time-barred. Alternatively, Judge Siler held that a Kentucky 15 year limitation statute applicable to actions upon court judgments and decrees was controlling. Finally, Judge Siler noted that the Medical Care Recovery Act does not require that the government "intervene in plaintiff's case against the defendants as a precondition to recovery on its claim." The court ordered plaintiff's attorneys to turn over to the VA the full amount claimed by VA as costs of medical services to plaintiff.

## II.

The Medical Care Recovery Act, 42 U.S.C. § 2651, grants the government a substantive right to recover from third party tortfeasors the costs of medical services rendered to injured veterans.[2] The Act provides several methods by which the government may vindicate its substantive right. Under section 2651(b), the government either can intervene in the action by the veteran against the tortfeasor or, alternatively, institute an independent action against the tortfeasor if the veteran does not do so within six months of the injury. Most significant for this action, in a more general provision, the Act provides that "as to this right [the government shall] be sub-

2. 42 U.S.C. § 2651 (1982) provides in part:

(a) In any case in which the United States is *authorized or required by law to furnish hospital*, medical, surgical, or dental care and treatment (including prostheses and medical appliances) to a person who is injured or suffers a disease ... under circumstances creating a tort liability upon some third person ... to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the *extent of the reasonable value of the care and treatment so furnished or to be furnished.*

rogated to any right or claim" of the injured veteran. 42 U.S.C. § 2651(a).

Subrogation is a broad equitable remedy long used by courts to balance the interests of adverse parties and prevent unjust enrichment. *See, e.g., New York Title and Mortgage Co. v. First National Bank of Kansas City,* 51 F.2d 485 (8th Cir.), *cert. denied,* 284 U.S. 676, 52 S.Ct. 131, 76 L.Ed. 572 (1931); *see also* D. Dobbs, *Remedies,* 250–52 (1973). Federal courts have relied on the statutory subrogation remedy to hold that, when the plaintiff's complaint expressly demands damages for the value of medical services rendered "for the sole use and benefit of the United States in accordance with ... 42 U.S.C. §§ 2651–2652 ... with the consent of the United States," the statute does not require that the government enter the litigation as a party. *See Conley v. Maattala,* 303 F.Supp. 484 (D.N.H.1969); *Palmer v. Sterling Drugs, Inc.,* 343 F.Supp. 692 (E.D.Pa. 1972).

In affording the government this broad equitable remedy, the Medical Care Recovery Act creates the basis for the government's present action against the escrow fund. Although the veteran's complaint contained no express provision identifying the VA's interest, the Medical Care Recovery Act clearly provided the motivation for the parties' agreement here to set aside a portion of the settlement pending appropriate settlement between the veteran and the VA. The government's legitimate claim to

(b) The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, against the third person who is liable for the injury or disease; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury or disease involved, institute and prosecute legal proceedings against the third person who is liable for the injury or disease, in a State or Federal court, either alone (in its own name or in the name of the injured person, his guardian, personal representative, estate, dependents, or survivors) or in conjunction with the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors.

this fund derives from its being subrogated to the veteran's claim in the first instance.

■ Although the genesis of the government's right in this case lies in the Medical Care Recovery Act, this does not compel the conclusion that the government's claim against the escrow fund is "founded upon a tort" for statute of limitations purposes. 28 U.S.C. § 2415(b). The VA is not pursuing a claim against the third party tortfeasor. The government's present cause of action does not rely in any way upon proof of tort liability, as it would if this action were one against the tortfeasor. Rather, it now asserts a claim to a specified fund expressly set aside in contemplation of the government's claim. The veteran and tortfeasor entered into a contract—a settlement agreement—with the tortfeasor giving the veteran money in exchange for a release. The government's relationship to this fund is as a beneficiary. The veteran and tortfeasor specifically agreed that part of the money paid over to the veteran would be held in escrow pending a claim by the VA for specific medical bills and an "appropriate settlement" of the claim.

The application of a statutory limitation period to a particular cause of action is grounded in logic and reason. The three year statute of limitations in 28 U.S.C. § 2415(b), applicable to the United States for actions founded upon a tort, is inapplicable to this cause of action for payment from a fund created by contract. The six year limitation period found in 28 U.S.C. § 2415(a) applies; the government is within the allowed period.

■ It is clear that the government's mere motion in the court below does not place the VA before the Court as a proper party. On remand, the Court should either entertain a motion under Fed.R.Civ.P. 24(a), allowing intervention of right by the government in the action to dispose of the escrow fund, or the Court should treat the cause of action as one in the nature of interpleader under Fed.R.Civ.P. 22 and 28 U.S.C. § 1335. In this alternative, the attorneys responsible for the fund would be in the procedural posture of interpleading plaintiff and the VA, to determine how the fund should be administered.

The District Court should hold a hearing, including an evidentiary hearing if necessary, to ascertain "the reasonable value" of the medical services rendered.

■ In this hearing, the Court should consider the equities of the two parties. Although diligent research reveals no case law on the subject, it is clear that the government should not be reimbursed for the full amount of its claim in this case because it passively has allowed the veteran to bear all the risks and costs of pursuing litigation. The government absorbed none of the trial preparation expenses; attorneys fees were deducted solely from the veteran's portion of the settlement. Further, the veteran asserts on appeal that he had to settle for an amount much less than his own actual losses. The settlement agreement which created the fund expressly contemplates "appropriate settlement" between the plaintiff and the government. The government is not suing the tortfeasor. It seeks recovery only as a beneficiary of the fund, and therefore equitable considerations apply. If an injured veteran has accepted a discounted settlement for his claims of wage loss, pain and suffering, loss of future earning potential, and the like, it is not equitable to require full reimbursement for services the government was duty-bound to render. If Cockerham establishes on remand that his settlement was discounted, the government's portion should be reduced accordingly. The government conceded at oral argument that it was appropriate for the Court to apportion the fund between the parties. On remand, then, the District Court should weigh the equities both as to litigation costs and any discounted settlement in distributing the fund.

Accordingly, the judgment of the District Court is reversed and remanded for proceedings consistent with this opinion.