Gloria MONEY, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent,

and

Betty J. Money, Intervenor.

Appeal No. 86–1395.

United States Court of Appeals, Federal Circuit.

April 27, 1987.

B. James Brierton, Brierton & Wingfield, San Diego, Cal., for petitioner.

Angela M. Belgrove, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Also on the brief were Hugh Hewitt, Gen. Counsel, Thomas F. Moyer, Asst. Gen. Counsel and Gail L. Goldberg, Deputy Asst. Gen. Counsel, Office of General Counsel, Office of Personnel Management, of counsel.

Win Heiskala, El Cajon, Cal., for intervenor.

Before MARKEY, Chief Judge, and FRIEDMAN, Circuit Judge, and BALDWIN, Senior Circuit Judge.

## ON PETITION FOR ATTORNEY FEES

MARKEY, Chief Judge.

Betty J. Money (Betty) seeks attorney fees and expenses incurred in her intervention in Gloria Money's (Gloria's) petition for review of a Merit Systems Protection Board (MSPB or board) decision awarding Betty a survivor annuity. We affirmed the board decision in *Money v. Office of Personnel Management*, 811 F.2d 1474 (Fed. Cir.1987). Betty also seeks attorney fees incurred in her successful appeal to the board from an Office of Personnel Management (OPM) reconsideration decision. Betty bases her petition on the Equal Access to Justice Act, 28 U.S.C. § 2412(d). We deny the petition in all respects.

### BACKGROUND

As recited in detail in our earlier opinion, Betty and Gloria both applied to OPM in 1983 for the survivor annuity to which the widow of Hubert Money was entitled under 5 U.S.C. § 8341(d). OPM initially awarded the annuity to Betty. On reconsideration, OPM awarded the annuity to Gloria. Betty appealed to the MSPB. After a hearing, in which OPM did not participate, the presiding official reversed OPM's reconsideration decision and ordered OPM to award the annuity to Betty. The full board denied Gloria's petition for review. Gloria appealed to this court, which granted Betty permission to intervene. Betty argued, as did OPM, that the board's decision should be

affirmed. This court affirmed the board's determination that Betty was entitled to the annuity.

Betty filed a timely request in this court for attorney fees and expenses under the Equal Access To Justice Act (EAJA), 28 U.S.C. § 2412(d). Betty requests all attorney fees and expenses incurred in seeking her annuity from July 1985, when she appealed to the MSPB, through March 10, 1987, when she submitted this fee application.

OPM opposes Betty's application, arguing that she is not a prevailing party under the EAJA in the proceedings before this court, and that the EAJA does not apply to Betty's appeal to the MSPB.

### ISSUE

Whether Betty, in her intervention before this court, is a "prevailing party" under the Equal Access To Justice Act, 28 U.S.C. § 2412(d).

### OPINION

1. *Intervention Before This Court*

■ The EAJA provides, in 28 U.S.C. § 2412(d)(1)(A):

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (...), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action....

OPM argues that, because Betty's position before this court was consistent with OPM's, Betty fails to satisfy the "prevailing party" requirement of the EAJA. We agree.

Except in the context of eminent domain proceedings, the EAJA does not define "prevailing party". In 28 U.S.C. § 2412(d)(4), however, the EAJA contains language suggesting that a "prevailing party" is one who prevails against the United States, not one who, as here, prevails with the United States against a third party:

Fees and other expenses awarded under this subsection to a party shall be paid by any agency *over which the party prevails* from any funds made available to the agency by appropriation or otherwise.

(Emphasis added.)

The legislative history of the EAJA and its 1985 amendments is consistent with the interpretation that Congress intended "prevailing party" to mean a party who prevails against the United States:

The bill rests on the premise that certain individuals ... may be deterred from *seeking review of, or defending against* unreasonable governmental action because of the expense involved in securing the vindication of their rights.

H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984 (emphasis added).

H.R. 2378 extends and improves the Equal Access To Justice Act, which expands the liability of the United States for attorneys fees and other expenses to certain parties who *prevail against the United States* in certain administrative and court proceedings.

H.R.Rep. No. 120, 99th Cong., 1st Sess., pt. 1, at 8, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 136 (emphasis added).

In intervening in Gloria's appeal to this court, Betty sought affirmance of the board's decision, as did OPM. Betty is not a "prevailing party" in this court under the EAJA.

2. *Proceedings Before The MSPB*

■ Betty also seeks fees and expenses incurred in her successful appeal to the MSPB. The EAJA authorizes courts to award fees and expenses for certain administrative proceedings in 28 U.S.C. § 2412(d)(3):

In awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication, as defined in subsection (b)(1)(C) of section 504 of title 5, United States Code, ... the court shall

include in that award fees and other expenses to the same extent authorized in subsection (a) of such section....

OPM argues that Betty is not entitled to such an award because the proceedings before the board were not an "adversary adjudication" and were thus outside the scope of the EAJA. We need not reach that issue because the EAJA authorizes this court to "include" fees and expenses only to a "prevailing party in any action for judicial review." Because, under the EAJA, Betty is not a "prevailing party" before this court, we have no authority under the EAJA to award Betty fees and expenses for her intervention in this court and thus no authority to include fees and expenses for her appeal to the MSPB.

The court having considered the submissions of the parties, IT IS ORDERED THAT:

Betty J. Money's petition for attorney fees under the Equal Access To Justice Act, 28 U.S.C. § 2412(d), is denied.