L JONES, J.
The plaintiff/appellant, Christopher Mann, Sr. appeals the summary judgment of the trial court determining that the United States is entitled to full and immediate settlement funds held in escrow. After reviewing the record, we find that the trial court committed reversible error and remand the case for disposition consistent with this opinion.

Facts

This case involves a swimming pool accident in which the plaintiff, Christopher Mann, Sr., was rendered a quadriplegic when he dove into the swimming pool at Brittany Place Apartments in New Orleans. In January 1988, Mann filed suit against the owners of the apartment complex and their liability insurers.
In 1990, the United States filed an intervention under the Federal Medical Care Recovery Act claiming reimbursement for $825,000 paid for medical expenses on Mr. Mann’s behalf, as he was a member of the Coast Guard at the time of the accident.
The plaintiff settled with the first layer of insurance coverage providers, General Star Indemnity Company (GSI), for one million dollars reserving his rights against two excess insurers only. In connection with this settlement, Mr. UMann and GSI stipulated that the sum of $325,000 would be deposited into the registry of the court for Christopher Mann and the United States for proper disposition of the funds.
On July 25, 1996, the United States filed a motion to withdraw the full amount of the funds on deposit in the registry of the court. Plaintiff opposed the motion on several grounds. After a contradictory hearing, the trial court held for the plaintiff stating that the case had not been concluded as to all defendants, the amount that the United States owed for attorney’s fees was in dispute, and that the United States had failed to prove to the satisfaction of the court that it is entitled to relief.
More than two years later, the United States filed a motion for summary judgment regarding its right to the funds in the registry. On March 25, 1999, the trial court granted the motion for summary judgment and permitted all of the funds to be disbursed to the United States. However, the court did not render written reasons for judgment. Christopher Mann timely filed this devolutive appeal.

Discussion

,Mr. Mann argues that the summary judgment and subsequent dispersion of the escrow funds violates the rule of the case doctrine in that the trial court denied a similar motion earlier in the proceedings. He also argues that the United States’ claim to the funds is barred by the Louisiana one-year prescription period for tort claims. In the alternative, he argues that the United States is not entitled to all the funds at this point in the trial, but must share the burdens of litigation with the plaintiff. The United States responds that the rule of the case doctrine does not apply in this case because the issues are not identical. It argues as well that this 13case is not governed by the state prescriptive period, but is governed the three-year federal statute of limitation. With regard to Mr. Mann’s suggestion that it share the cost of litigation, the United States argues that it is entitled to the funds now because it informed Mr. Mann that it would not be sharing the costs of litigation.

“Law of the Case” Doctrine

The law of the case doctrine provides that a court’s rulings are binding on the court during later stages of the trial. Garner v. Pool Co. of Texas, 595 So.2d 751 (La.App. 4 Cir.), writ denied, 598 So.2d 358 (La.1992). But, it does not apply when the issues are not identical, when there is more then a mere doubt as to the correctness of the earlier decision, or when there is intervening case law. Stewart v. ARA *28 Leisure Services., Inc., 97-1926 (La.App. 4 Cir. 10/29/97), 702 So.2d 75, 77; Ward v. Hermitage Ins. Co., 28,236 (La.App. 2 Cir. 4/3/96), 671 So.2d 1229, 1231, writ denied, 96-1141 (La.9/3/96), 678 So.2d 554.
In this case, the fundamental issue is similar, but not identical. The issue is may the United States, today, access settlement funds put in escrow by the primary insurer to protect itself against any potential claims by the United States to recover medical costs paid under the Federal Medical Care Recovery Act. In the first instance, the United States merely applied for the funds without proof of its claim. In the second instance, the United States applied for summary judgment and fully presented it facts and argument to the court. There has also been new statutory and case law that may justify revisiting the matter. Louisiana law now favors summary judgment. Micele v. CPC of Louisiana, Inc., 98-0044 (La.App. 4 Cir. 3/25/98), 709 So.2d 1065, 1067, writ denied 98-1116 (La.6/5/98), 720 So.2d 686. Therefore, we find the trial court did not abuse its discretion in revisiting the issue |4of whether the funds on deposit with the clerk of court may be disbursed to the United States.

Time limitation of United States’ claim

The right of the United States to proceed under the Recovery Act is not subject to the state statutes of limitation applicable to local personal injury actions. See e.g. United States v. Fort Benning Rifle and Pistol Club, 387 F.2d 884 (5 Cir.1967). Instead, the United States’ right is governed by the three-year federal statute of limitation for actions brought by the United States. See e.g. United States v. Gera, 409 F.2d 117, 120 (3d Cir.1969).[1] The record of this case indicates that the United States joined this action well within the three-year statutory limitation, therefore, it is clear that the action is in no way barred by a time limitation. In addition, the plaintiff himself asserted, in his Fourth Amended Petition, that the United States has a right to recover reasonable medical expenses, thus the United States’ claim was reserved within the one-year time limit.

Entitlement to Escrow Funds

Normally, the United States is not entitled to recover under the Recovery Act until the tort-feasor is found liable under applicable state law. See Holbrook v. Andersen Corporation, 996 F.2d 1339 (1 Cir.1993). However, the United States may recover settlement proceeds where the injured party and the tort-feasor specifically agreed that part of the money paid over to the injured party will be held in escrow pending a claim by the United States for specific medical bills. Cockerham v. Garvin, 768 F.2d 784 (6 Cir.1985). In this case the settlement agreement between Mr. Mann and GSI stipulates that $325,762.41 will be paid “to [ ^Christopher S. Mann, Sr. and the United States of America” in escrow for resolution of the proper disposition of these funds between the plaintiffs and the United States. It is clear, therefore the summary judgment was appropriate in this case.
 However, it is not clear that the United States is entitled to all of the funds held in escrow. If the victim’s claim in a Recovery Act case does not seek a share of the medical reimbursement fund, then the fund should go to the government, but if the victim herself seeks a share of the fund on her own behalf, then the equities should be balanced as between the government and the victim; in either case the victim’s fee arrangement with her lawyer should be disregarded. Mosey v. United States, 3 F.Supp.2d 1133 (D.Nev.1998). Mosey sets forth three factors to consider in balancing: 1) whether the government passively allowed the injured party to bear all the *29 risks and costs of litigation, 2) whether, in the case of a settlement, the award reflects a settlement discount, and 3) the terms of any agreement between the government and the victim or the tort-feasor and the victim, as to the government’s right to reimbursement. In this case it is clear that the government has placed on the plaintiff the entire burden of recovery in this matter. The government specifically told the plaintiff that it would not assist him in the matter. There is no evidence of a settlement discount. The plaintiffs’ petition does assert the United States’ right to reimbursement for reasonable medical expenses; however there is no agreement as to an assessment of costs to the United States as to reimbursement for its share of the cost of litigation. Thus, equity demands that the United States bear its share of the cost. Therefore, we reverse the trial court’s judgment allowing disbursement of the funds in escrow, and remand for an equitable apportionment of the funds at the conclusion of the case.
| ¿Decree
For the forgoing reasons, we reverse the judgment of the trial court and remand for an equitable apportionment of the funds at the conclusion of the case. All costs are assessed to the United States.

REVERSED AND REMANDED.

. See also Romualdo P. Eclavea, "What Limitation Periods Apply Under 28 U.S.C. Sec. 2415 to Government Suits," 31 A.L.R. Fed. 348 (1977), 1977 WL 45592 (discussion application of the three-year statute of limitation of Recovery Act cases and citing applicable authorities).