946 So.2d 174 (2007)
KEYCLICK OUTSOURCING, INC., Advanced Medical Systems, Inc. and Steven Greenstein
v.
OCHSNER HEALTH PLAN, INC.
No. 06-CA-359.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
*175 Frank M. Buck, Jr., Attorney at Law, New Orleans, Louisiana, for Plaintiffs/Appellees, Keyclick Outsourcing, Inc., Advanced Medical Systems, Inc., and Steven Greenstein.
Perry R. Staub, Jr., Larry E. Demmons, Donald J. Meister, Jr., Taggart, Morton, Ogden, Staub, Rougelot & O'Brien, L.L.C., Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellant, Ochsner Health Plan, Inc.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
This lawsuit arises following an arbitration proceeding. The plaintiff sought to have the district court vacate, modify or correct the arbitrator's ruling. The defendant reconvened for the same purposes. The district court vacated the award and remanded the matter for a new arbitration proceeding. The defendant has appealed. We affirm.
KeyClick Outsourcing, Inc. ("KeyClick") performed data-entry services on medical insurance claims for defendant, Ochsner Health Plan, Inc. ("OHP").[1] A dispute arose regarding the amounts due for Key-Click's services. KeyClick asserted it was being underpaid; OHP asserted it was paying KeyClick too much. Both KeyClick and Ochsner based their positions on clauses in a contract originally confected between OHP and Advanced Medical Systems, Inc. ("AMS") in 2000. KeyClick considered itself the successor to AMS and was handling the business under the contract accordingly.
Ultimately KeyClick invoked the contract's clause requiring arbitration and the arbitration process began in early 2002. OHP challenged KeyClick's right to force arbitration. OHP asserted that KeyClick was not signatory to OHP's contract with AMS, which was the source of the arbitration clause.
In June 2002 OHP filed suit in the district court for an injunction to prevent the arbitration proceedings. The trial court ruled in favor of KeyClick, denying injunctive relief, and OHP appealed. This Court affirmed the ruling, and the supreme court denied writs. Ochsner Health Plan, Inc. v. Advanced Medical Systems, Inc., 03-118 (La.App. 5 Cir. 5/28/03), 846 So.2d 1286, writ denied, 2003-2035 (La.11/7/03), 857 So.2d 495.
In that case, we found that the AMS contract applied to KeyClick's relationship with OHP, for the following reasons:
Based on the facts, as found by the trial court, OHP expressly consented in writing to the amendment of the agreement between them, changing the "Contractor" from AMS to KeyClick, as provided in paragraph 5.15 of the agreement. There were several examples of this consent, but, the most clear was the signed *176 purchase order of August 6, 2001, where Barbara Crowley, on behalf of OHP, signed the purchase order which made reference to "our signed agreement with KeyClick" and was numbered B10083, with the reference ACA2000145, which is the contract in question. Additionally, OHP's consent or acquiescence in maintaining the agreement with Key-Click instead of AMS was evidenced by its continuing to do business with Key-Click without objection, and its reliance on the contractual provisions that benefited it. The two companies, AMS and KeyClick, were so closely related, owned by the same person, run by the same person, in the same location, with the same equipment, by the same employees, with one commencing at the same time the other terminated, that we find that one was in reality the alter ego of the other and they were essentially the same company with only a name change. [Footnote omitted.]
Ochsner Health Plan, Inc. v. Advanced Medical Systems, Inc., 03-118, p. 7, 846 So.2d 1286, 1290.
While the appeal was pending, the arbitration proceedings had moved forward. In the arbitration, KeyClick claimed it is owed a total of $94,716.89, consisting of $84,877.55 in accounts receivable, plus interest of $9,839.34 through December 31, 2002; damages for breach of contract to compensate it for business not received in the six months after OHP terminated the agreement without cause; damages for breach of contract for unrecouped employee early termination expenses; and attorneys' fees. OHP claimed it terminated the agreement with cause, and counterclaimed for monies it overpaid KeyClick because KeyClick was charging it more than the sliding scale allowed under the agreement. OHP included in the overpayment claim amounts billed and paid after the agreement "renewed." OHP also sought attorneys' fees.
The arbitrator issued his ruling after the trial court rendered its decision, but prior to this Court's affirmation of the decision. The arbitrator found that no agreement existed between OHP and KeyClick. However, the arbitrator concluded that money was due to KeyClick, and that it was reasonable to use a formula set out in the agreement between OHP and AMS to calculate that a net amount of $58,907.45 was owed to KeyClick by OHP.
KeyClick then filed the instant proceeding in the district court, seeking to vacate the arbitrator's ruling. OHP reconvened, seeking a modification of the award.
The parties briefed their arguments and the trial court held a hearing, at which the court found that the arbitrator was operating under a mistake of law, in that the appellate court subsequently affirmed the trial court's determination that there was a contract between KeyClick and Ochsner. The relevant clause of the contract states,
The arbitrator shall have no authority to make material errors of law or to award punitive damages or to add to, modify or refuse to enforce any agreements between the parties. The arbitrator shall make findings of fact and conclusions of law and shall have no authority to make any award which could not have been made by a court of law.
The trial court determined the appropriate disposition was to vacate the arbitrator's ruling and remand for a new arbitration in light of the court ruling on the existence of a contract between KeyClick and Ochsner. The trial court stated, "I think he made a material mistake of law . . . the Fifth Circuit stated it was a contract. He didn't enforce the agreement, because he didn't find that you were contracting parties."
*177 Counsel for OHP agreed that the arbitrator considered a record that was based on different evidence and different arguments than was made in the district court, specifically the argument that the AMS contract continued with KeyClick. Counsel for OHP stated, "I think Your Honor's remedy is correct. It has to go back. . . . Vacate and remand."
The trial court decided the arbitrator needs to render a new decision and is not limited in its scope:
I am finding that the arbitrator made a material error in law when he, through no fault of his own, failed to apply the law rendered by the Fifth Circuit in 846 Southern Second 1286 of 2003.
* * *
In this case both this Court and the Fifth Circuit found that indeed OHP and KeyClick were the contracting parties, and therefore the arbitrator must enforce the agreement between the parties. I'm remanding to the arbitrator for further proceedings in line with this ruling.
Subsequently OHP filed a Motion for New Trial. OHP argued, among other things, that the trial court should have limited the hearing to the scope of its review, rather than addressing the merits of KeyClick's appeal. The trial court denied the motion for new trial, and this appeal ensued.
On appeal OHP makes the following assignments of error:
(1) The district court erred in concluding that its prior jurisdictional decision requiring OHP to arbitrate the dispute with KeyClick constituted the "law of the case" with respect to the merits issue of KeyClick's need to provide the existence vel non of a contract with OHP.
(2) The district court erred in vacating the arbitrator's decision on grounds of an alleged error of law.
(3) The district court erred in failing to allow OHP to present evidence of the arbitrator's mathematical error in totaling the judgment amount, an evidentiary presentation which would have resulted in a net award in favor of OHP.
(4) The district court erred in allowing the hearing conducted on January 14, 2005, which had been noticed solely as one to discuss the scope of the court's review of the arbitrator's decision, to proceed on the merits of KeyClick's requested review, essentially preventing OHP from presenting evidence of the mathematical error committed by the arbitrator.
(5) The district court erred in failing to find that any error committed by the arbitrator was harmless, given the arbitrator's subsequent use of the contract terms in reaching virtually all of his findings of fact.
OHP argues that the Louisiana Arbitration Law, La.R.S. 9:4201-4217, provides exclusive grounds upon which a court can vacate an award and require the re-arbitration of the matter. Specifically, La.R.S. 9:4210 states:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which *178 the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
We disagree. Pursuant to La.R.S. 9:4210(D), a court may issue an order vacating an arbitration award where the arbitrator exceeded its powers. The agreement that provides for arbitration is the source of the arbitrator's powers. Here, as found by the trial judge, the arbitrator had no authority to make "material errors of law" or to "refuse to enforce any agreements between the parties."
In view of the district court's prior, and this Court's subsequent, determination that OHP's contract with AMS applied to KeyClick, the arbitrator's contrary ruling was a material error of law. Therefore, the trial court correctly vacated the ruling and remanded for a new arbitration.

DECREE
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellant, Ochsner Health Plan, Inc., now known as Humana Health Benefit System of Louisiana, Inc.
AFFIRMED.
NOTES
[1] After the original date of the arbitration proceedings, Ochsner Health Plan, Inc. was acquired by Humana Health Benefit System of Louisiana, Inc. For ease of reference, however, we continue to use the name by which the defendant has been known in these proceedings.