**PUBLISH**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**May 10, 2011**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

EDWARD POCHE; CYNTHIA
POCHE,

Plaintiffs - Appellees,

and

UNITED STATES OF AMERICA,

Plaintiff - Intervenor -
Appellant,

v.

No. 10-8040

RAOUL JOUBRAN, M.D.; MARY E.
MACGUIRE, M.D.; JAMES A.
ANDERSON, M.D.;
GASTROENTEROLOGY
ASSOCIATES, P.C.; WYOMING
SURGICAL ASSOCIATES, P.C.,

Defendants.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D. Ct. No. 2:07-CV-00213-CAB)**

Abby C. Wright, Attorney (Tony West, Assistant Attorney General, Christopher
A. Crofts, United States Attorney, and Thomas M. Bondy, Attorney, with her on
the briefs) Appellate Staff, United States Department of Justice, Washington
D.C., for Plaintiff-Intervenor-Appellant.

Steven A. Shapiro, Fleishman & Shapiro, P.C., Denver, Colorado, for Plaintiffs-Appellees.

Before **KELLY**, Circuit Judge, and **TACHA** and **EBEL**, Senior Circuit Judges.

**TACHA**, Circuit Judge.

Plaintiff-intervenor-appellant United States of America appeals the district court's award of attorney's fees and costs to plaintiffs-appellees Edward and Cynthia Poche. The United States contends that its sovereign immunity divested the district court of jurisdiction to award fees and costs against the United States, and that, even if the district court had jurisdiction, the amount awarded constitutes an abuse of discretion.[1] We take jurisdiction pursuant to 28 U.S.C. § 1291 and REVERSE.

## I. BACKGROUND

The material facts of this case are not disputed. In 2005, Army Sergeant Edward Poche visited Dr. Raoul Joubran because of abdominal pain. During a procedure to identify the source of the pain, Mr. Poche's small intestine was inadvertently perforated. Mr. Poche returned to the hospital the next day because of further stomach pain and the perforation was discovered. The perforation

---

[1] Because we hold that the district court lacked jurisdiction to award fees and costs against the United States, we do not address the United States' argument concerning the amount awarded.

necessitated immediate additional surgeries, which were performed by Drs. Mary MacGuire and James Anderson.  Nevertheless, Mr. Poche's condition continued to deteriorate.  Mr. Poche was eventually transferred to the National Naval Hospital in Bethesda, Maryland, where he underwent approximately twenty-five additional surgeries and spent four and a half months recovering.  The United States covered the cost of Mr. Poche's medical care, a total cost of nearly $1.13 million, and paid Mr. Poche's salary during his recovery.

In 2007, the Poches filed suit in federal court against the three private doctors for medical malpractice.  The United States immediately contacted the Poches' attorney and requested that he assert the United States' claim under the Medical Care Recovery Act ("MCRA"), 42 U.S.C. § 2651.[2]  Despite repeated discussions, the parties never reached an agreement on the terms of such

---

[2]Section 2651(a) provides:

> In any case in which the United States is authorized or required by law to furnish or pay for hospital, medical, surgical, or dental care and treatment . . . to a person who is injured or suffers a disease . . . under circumstances creating a tort liability upon some third person . . ., the United States shall have a right to recover (independent of the rights of the injured or diseased person) from said third person, or that person's insurer, the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for. . . .

The MCRA also allows the United States to recover the cost of wages paid to a member of the military who is unable to perform duties as a result of injury.  *Id.* § 2651(b).

representation. Consequently, the United States intervened in the case in July 2008, roughly eight months before trial. The Poches' attorney welcomed the United States' presence at trial because he believed it would lend credibility to the Poches' case.

After a four-week trial during which the United States participated fully, the jury found in favor of the Poches and the United States as to the claims asserted against Drs. Joubran and MacGuire. The jury issued separate awards of $1.59 million to the Poches and $380,000 to the United States. On appeal, we upheld the jury's verdict and judgment. *See Poche v. Joubran*, No. 09-8055, 2010 WL 2893616 (10th Cir. July 26, 2010).

On January 19, 2010, the Poches filed a motion asking the district court to order the United States to pay a portion of their costs and fees. They maintained that contribution was appropriate because the United States "bore none of the risks or costs in th[e] case" and would not have prevailed without the Poches' investment of time and money. The United States opposed the Poches' motion, arguing, among other things, that its sovereign immunity deprived the district court of jurisdiction. The district court granted the Poches' motion without addressing sovereign immunity and ordered the United States to pay 25% of the Poches' total costs and attorney's fees. The United States now appeals from that order.

## II. DISCUSSION

A.    Standard of Review

Generally, we review a district court's award of attorney's fees and costs for abuse of discretion. *Miller v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 565 F.3d 1232, 1247 (10th Cir. 2009). Whether the federal government has waived its sovereign immunity, however, is a question of law which we review de novo. *FTC v. Kuykendall*, 466 F.3d 1149, 1154 (10th Cir. 2006).

B.    Sovereign Immunity

Sovereign immunity protects the United States and its agencies from being sued without their consent. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Unless the United States has waived its immunity, courts lack jurisdiction over claims against the government for attorney's fees, *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983), and costs, *United States v. Chem. Found.*, 272 U.S. 1, 20–21 (1926). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed," *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotations omitted), and must be interpreted strictly, resolving any ambiguities in favor of immunity. *Ardestani v. INS*, 502 U.S. 129, 137 (1991).

Here, the parties agree that the potentially applicable waiver is found in the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Subsection (a) of the EAJA provides: "Except as otherwise specifically provided by statute, a judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against the United States." 28 U.S.C. § 2412(a)(1). Similarly, subsection

(b) allows a court to "award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States." *Id.* § 2412(b). Subsection (b) further provides that "[t]he United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." *Id.*

The Poches contend that both subsections (a) and (b) apply in this case because they prevailed in the underlying medical malpractice action which was brought, in part, by the United States.[3] The United States, however, argues that the EAJA does not apply because the Poches did not prevail against the United States and are therefore not "prevailing parties" within the meaning of the statute. We agree with the United States.

In *Money v. Office of Personnel Management*, 816 F.2d 665 (Fed. Cir. 1987), the Federal Circuit addressed whether a party must prevail against the United States to qualify as a prevailing party under subsection (d) of the EAJA.[4] *Id.* at 666–67. Ms. Money and the Office of Personnel Management ("OPM") had been aligned in the underlying litigation concerning Ms. Money's right to a

---

[3]In their appellate brief, the Poches also contended that attorney's fees and expenses could be awarded pursuant to a common fund or common benefit theory. At oral argument, however, the Poches' counsel abandoned this argument; therefore, we do not address it.

[4]Subsection (d) applies to "civil action[s] (other than cases sounding in tort)." *See* 28 U.S.C. § 2412(d)(1)(A).

survivor annuity.  *Id.* at 666.  After the Federal Circuit agreed with Ms. Money and OPM on the substance of Ms. Money's claims, Ms. Money filed a motion asking that OPM be required to pay all of her attorney's fees and expenses pursuant to the EAJA.  *Id.* at 667.  OPM opposed the request, arguing that Ms. Money was not a "prevailing party."  *Id.*

The Federal Circuit began its analysis by pointing out that, except in the context of eminent domain proceedings, the EAJA does not define "prevailing party."  *Id.*; *see* 28 U.S.C. § 2412(d)(2)(H).  It noted, however, that other language in the statute suggests "that a 'prevailing party' is one who prevails against the United States, not one who, as here, prevails with the United States against a third party."  *Money*, 816 F.2d at 667.  Specifically, the court looked to subsection (d)(4), which provides that: "Fees and other expenses awarded under this subsection to a party shall be paid by any agency *over which the party prevails* from any funds made available to the agency by appropriation or otherwise."  28 U.S.C. § 2412(d)(4) (emphasis added).  Based on that language as well as legislative history which supported its interpretation,[5] the Federal Circuit held that "Congress intended 'prevailing party' to mean a party who prevails *against* the United States."  *Money*, 816 F.2d at 667 (emphasis added).  It

---

[5]*See, e.g.*, H.R. Rep. No. 120 at 8 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 136 ("H.R. 2378 extends and improves the Equal Access To Justice Act, which expands the liability of the United States for attorneys fees and other expenses to certain parties *who prevail against the United States* in certain administrative and court proceedings.") (emphasis added).

therefore denied Ms. Money's motion for fees and other expenses because she did not qualify as a "prevailing party." *Id.*

Here, the Poches are proceeding under subsections (a) and (b), not subsection (d); nevertheless, we find the Federal Circuit's reasoning in *Money* compelling. Although subsection (d)(4)'s language does not, by its terms, apply to subsections (a) and (b), the statute as a whole makes the most sense when all of its provisions regarding "prevailing parties" are read in the same way. *See Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1381 (10th Cir. 2009) ("We . . . take into account the broader context of the statute as a whole when ascertaining the meaning of a particular provision.") (quotations omitted); *see also Brown v. Gardner*, 513 U.S. 115, 118 (1994) ("[T]here is a presumption that a given term is used to mean the same thing throughout a statute") (citations omitted). Indeed, the operative language of subsection (d) is substantially similar to that of subsections (a) and (b). *Compare* 28 U.S.C. § 2412(d)(1) ("a court shall award to a *prevailing party* other than the United States fees and other expenses . . . incurred by that party in *any civil action . . . brought by or against the United States*") (emphasis added), *with* (a)(1) ("a judgment for costs . . . may be awarded to the *prevailing party in any civil action brought by or against the United States*") (emphasis added) and (b) ("a court may award reasonable fees and expenses of attorneys . . . to the *prevailing party in any civil action brought by or against the United States*") (emphasis added).

Furthermore, to the extent that the term "prevailing party" is subject to varying reasonable interpretations depending on the subsection in which it is located, we must resolve any ambiguity in favor of immunity. *See Ardestani*, 502 U.S. at 138. Accordingly, we hold that a party is only a "prevailing party" for purposes of subsections (a) and (b) of the EAJA when it has prevailed *against* the United States. *See also In re Turner*, 14 F.3d 637, 641 (D.C. Cir. 1994) ("[A] reasonable interpretation of [section 2412(a)(1)] permits recovery to a litigant . . . who takes an adverse litigating position against the government in the context of a civil action and obtains the functional equivalent of a final judgment against the government that entitles him to some relief."). In this case, the Poches prevailed against Drs. Joubran and MacGuire, not against the United States. Thus, they are not "prevailing parties" for purposes of the EAJA.

Independent of their EAJA argument, the Poches cite several cases for the proposition that a district court has equitable jurisdiction to award fees against the United States when the United States seeks to recover damages pursuant to the MCRA. *See, e.g.*, *Commercial Union Ins. Co. v. United States*, 999 F.2d 581 (D.C. Cir. 1993); *Cockerham v. Garvin*, 768 F.2d 784 (6th Cir. 1985); *Mosey v. United States*, 3 F. Supp. 2d 1133 (D. Nev. 1998). Those cases, which do not even address sovereign immunity, are factually distinguishable and unpersuasive.

First, in both *Cockerham* and *Mosey*, the United States did not intervene on the side of the plaintiffs; rather, it waited until the plaintiffs had successfully

resolved their tort claims before it attempted to procure a portion of the recovery from the plaintiffs. *See Cockerham*, 768 F.2d at 785; *Mosey*, 3 F. Supp. 2d at 1134. In *Commercial Union*, the funds in question were interpleaded into the court by the tortfeasor's insurer, leaving the injured federal employee and the United States to litigate their respective rights to the funds. 999 F.2d at 584. Thus, unlike the instant case, the United States and the plaintiffs were not aligned in any of the cases cited by the Poches.

Furthermore, in this case, the United States began discussing the assertion of its MCRA claim with the Poches' counsel immediately upon learning of their lawsuit, and it intervened when the parties were unable to reach an agreement concerning the Poches' representation of the government's interest. Once it intervened, the United States Attorney's Office invested approximately 600 hours of trial work. Thus, unlike the cases cited by the Poches, in this case, the United States has not sought to obtain part of a recovery which was obtained entirely through the efforts and expenditures of the Poches.

Finally, and most importantly, the fact that the Poches sought to invoke the district court's equitable jurisdiction does not eviscerate the requirement that the United States must unequivocally waive its sovereign immunity before it can be subject to suit. *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 931 (10th Cir. 1996) ("[T]he government is not subject to legal proceedings, at law *or in equity*[,] or judicial process without its consent.") (emphasis added

and quotations omitted).  Other than the EAJA, which we conclude does not constitute a waiver of sovereign immunity under the facts of this case, the Poches do not cite to any other potential sovereign immunity waiver which could apply here.  Accordingly, the district court lacked jurisdiction to order the United States to pay a portion of the Poches' costs and fees.

### III.  CONCLUSION

For the foregoing reasons, we REVERSE the district court's order awarding attorney's fees and costs against the United States.