TERRI F. LOVE, Judge.
| tThis matter arises following an arbitration proceeding. The arbitrator granted awards to both parties with a net amount being awarded to KeyClick and concluded an expanded scope of judicial review, that neither party was entitled to attorney’s fees or costs. KeyClick moved to vacate the award, and the trial court judge found that the parties had no authority to contractually expand the scope of judicial review. KeyClick filed a motion for new trial, which the trial court denied, and this appeal followed.
We find that the decision to vacate the 2003 arbitration award was not based on *1209 Further, KeyClick’s request to reinstate the 2008 arbitration award is not properly before this Court. We also find that the law of the case doctrine is inapplicable in that it would be contrary to intervening caselaw. Further, we find no abuse of discretion in the trial court’s confirmation of the assessment of attorneys’ fees made by the arbitrator and affirm.
| ¡¿PROCEDURAL BACKGROUND
This arbitration proceeding resulted from a breach of contract action regarding pricing between KeyClick Outsourcing, Inc. (“KeyClick”) and Ochsner Health Plan[1] (hereinafter “OHP”). In 2002, Key-Click invoked a clause in the contract between the parties (hereinafter “the agreement”) that required arbitration, and OHP challenged the arbitration by filing a petition for declaratory and injunctive relief to stop the arbitration, wherein OHP asserted that KeyClick was not a party to the contract because the original party, AMS, changed its name to KeyClick during the pendency of the contract.[2] The 24th Judicial District Court, Parish of Jefferson denied the petition and OHP appealed. The Court of Appeal, Fifth Circuit, State of Louisiana affirmed the decision of the trial court and the Louisiana Supreme Court denied writ. Ochsner Health Plan, Inc. v. Advanced Medical Systems, Inc., 03-118 (La.App. 5 Cir. 5/28/03), 846 So.2d 1286, writ denied, 03-2035 (La.11/7/03), 857 So.2d 495[3].
While that appeal was pending, the arbitration proceeded, and the arbitrator issued a ruling after the trial court rendered its decision but prior to the appellate court’s affirmation of the decision. The arbitrator found that no agreement existed between OHP and KeyClick and determined that a net amount of $58,907.45 was owed to KeyClick by OHP.
l3KeyClick sought to have the trial court in Jefferson Parish vacate, modify or correct the arbitrator’s ruling; OHP also sought modification of the award. The trial court conducted a hearing and determined that the arbitrator was operating under a mistake of law given that the appellate court subsequently affirmed the trial court’s determination that there was a contract between KeyClick and OHP but the arbitrator found that no agreement existed between OHP and KeyClick. The trial court determined that the appropriate disposition was to vacate the arbitrator’s ruling and remand the matter for a new arbitration proceeding in light of the court’s ruling on the existence of a contract between KeyClick and OHP. The trial court judge stated, “I think he made a material mistake of law ... the Fifth Circuit stated it was a contract. He didn’t enforce the agreement, because he didn’t find that you were contracting parties.” KeyClick Outsourcing, Inc. v. Ochsner Health Plan, Inc., 06-359, p. 5 (La.App. 5 Cir. 10/31/06), 946 So.2d 174,176.
Thereafter, OHP filed a motion for new trial and argued therein that the trial court should have limited the hearing to the scope of its review rather than addressing the merits of KeyClick’s appeal. The trial court denied the motion for new trial, and OHP appealed. On appeal, OHP argued that the only grounds for vacating an arbitration decision should be those es *1210 tablished by statute, which does not include material errors of law as a basis.
The Court of Appeal, Fifth Circuit, State of Louisiana affirmed that decision finding that the law between the parties included the contract’s expanded scope of review. The Court found authority for the trial court’s direction of a rehearing by |4the arbitrators and determined that pursuant to La. R.S. 9:4210(D), a court may issue an order vacating an arbitration award where the arbitrator exceeded its powers. The Court stated that the agreement that provides for arbitration is the source of the arbitrator’s powers and, as found by the trial court judge, the arbitrator’ had no authority to make “material errors of law” or to “refuse to enforce any agreements between the parties.”
The second arbitration concluded in 2010 and was conducted in two phases — a liability/contractual interpretation phase and a second phase to determine damages. The arbitrator granted awards to both parties with a net amount being awarded to Key-Click in the amount of $9,887.46. The arbitrator concluded that neither OHP nor KeyClick were entitled to attorney’s fees or costs.
KeyClick moved to have the trial court in Orleans Parish vacate the award based on material errors of law. The trial court judge found that a recent U.S. Supreme Court decision forbid the parties from contractually expanding the scope of judicial review under the Federal Arbitration Act. Thus, even if the arbitrator made material errors of law, the trial court judge found that it was not a basis for vacating the award.
On a motion for new trial, KeyClick argued that the law of the case doctrine applied to the question of the contractual basis for the scope of an appeal. Key-Click’s motion was denied. This appeal followed.
| ^STANDARD OF REVIEW
Arbitration is a substitute for litigation. Montelepre v. Waring Architects, 2000-0671, 2000-0672, p. 3 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127,1130. (Other citations omitted.). Arbitration is utilized as a fast and inexpensive mechanism for the settlement of differences. Id.
The positive law of Louisiana favors arbitration, and any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration. Aguillard v. Auction Mgmt. Corp., 04-2804, 04-2857, p. 6 (La.6/29/05), 908 So.2d 1, 7. In Collins v. Prudential Ins. Co. of America, 99-1423, p. 6 (La.1/19/00), 752 So.2d 825, the Louisiana Supreme Court explained the review of interlocutory judgments as they pertain to arbitration orders and noted that although an interlocutory judgment ordering arbitration is not subject to an immediate appeal, an aggrieved party under these circumstances is not entirely barred from relief. “In a ease where the trial judge has committed a clear error in ordering arbitration, supervisory relief might be appropriate based upon the facts and circumstances of a particular ease.” Collins, 99-1423, p. 9, 752 So.2d at 831. The Court concluded, however, that “in keeping with our policy favoring arbitration, such relief should be granted only sparingly.” Id.
REINSTATEMENT OF ARBITRATION AWARD
KeyClick argues that the interlocutory decision vacating the first arbitration award was in error. KeyClick maintains that the decision vacating the award was based on the parties’ contractual expansion of the scope of | (judicial review. KeyClick contends that the 2003 arbitration award that it previously moved to vacate should be reinstated.
*1211 KeyClick did not advance this reinstatement argument in the trial court. Under Rule 1-3 of the Uniform Rules, Courts of Appeal, we cannot consider an argument not raised in the trial court “unless the interest of justice clearly requires otherwise.” We find that the issue is not properly before this Court nor would the interests of justice be served by our consideration of this argument for the first time on appeal.
LAW OF THE CASE
As a result of a second arbitration that was conducted in New Orleans, an arbitrator rendered a net award in favor of KeyClick. The arbitrator also decided that neither party was entitled to attorney’s fees or costs, and KeyClick moved to vacate that arbitration award and OHP filed a motion to confirm the award, or in the alternative, a motion to vacate the arbitration award.
The trial court judge denied KeyClick’s motion to vacate and granted OHP’s motion to confirm the arbitration award. In denying KeyClick’s motion to vacate, the trial court judge relied on Hall Street Associates, L.L.C. v. Mattel, Inc. 552 U.S. 576, 128 S.Ct. 1396, 1404-1405, 170 L.Ed.2d 254 (2008), and limited her review to the enumerated criteria for modifying and/or vacating the award. KeyClick filed a motion for new trial and argued therein that trial court’s finding was contrary to the law in that the law of the case doctrine obliges the trial court to follow an appellate court’s decision in the same case.
KeyClick argues that the first arbitration was vacated upon a contractually expanded scope of judicial review-that the arbitrator could not make material errors of law. KeyClick maintains that this scope of review formed the law of the 17case and contends that the trial and appellate courts applied that scope of review by issuing rulings regarding material errors of law. KeyClick contends that these rulings established the law of the case and should have formed the basis for the trial court’s review of the second arbitration.
The law of the case refers to a policy by which the court will not reconsider prior rulings in the same case. Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971). The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal. Petition of Sewerage and Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973). Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue. Id., 278 So.2d at 84.
The law of the case doctrine “may bar redetermination of a question of law or a mixed question of law and fact during the course of a judicial proceeding.” 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure, § 6.7 (1999). Therefore, the law of the case doctrine is the proper procedural principle, as opposed to res judicata, for describing the relationship between prior judgments by trial and appellate courts rendered within the same case. Posey v. Smith, 453 So.2d 1016 (La.App. 3 Cir. 1984). The policy reasons behind the doctrine include: (i) avoiding re-litigation of the same issue, (ii) promoting consistency of result in the same litigation, and (iii) promoting 18efficiency and fairness to both parties by affording a single opportunity *1212 for the argument and decision of the matter at issue. Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 330, 256 So.2d 105, 107 (1971).
However, “[u]nlike the statutory doctrine of res judicata, the jurisprudential doctrine of law of the case is a discretionary guide that will not be applied inflexibly.” Daigre v. International Truck and Engine Corp., 10-1379, p. 15 (La.App. 4 Cir. 5/5/11), 67 So.3d 504, 513-514. “Argument is barred where there is merely doubt as to the correctness of the former holding, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice.” Petition of Sewerage and Water Bd., 278 So.2d at 83. Moreover, jurisprudence provides that the law of the case doctrine “does not apply when the issues are not identical, when there is more than a mere doubt as to the correctness of the earlier decision, or when there is intervening case law.” Mann v. Brittany Place Associates Ltd,., 99-1588, p. 3 (La.App. 4th Cir.9/13/00), 770 So.2d 25, 27 (citing Stewart v. ARA Leisure Services., Inc., 97-1926 (La.App. 4 Cir. 10/29/97), 702 So.2d 75, 77) (emphasis supplied).
First, as KeyClick argues, the agreement that provides for arbitration is the source of the arbitrator’s powers. Section 5.17 of the subject agreement provides:
The decision of the arbitrator shall be final and binding upon the parties and may be enforced by any court of competent jurisdiction. The arbitrator shall have no authority to make material errors of law or to award punitive damages or to add to, modify or refuse to enforce any agreements between the parties.
However, Section 5.7 of the subject agreement reads in relevant part:
“This Agreement will be construed in accordance with and be governed by the laws of the state of Louisiana. This Agreement will be in compliance with all pertinent federal and |flstate statutes and regulations. If this Agreement, or any part hereof, is found not to be in compliance with any pertinent federal or state statute or regulation, then the parties may renegotiate the Agreement for the sole purpose of correcting the non-compliance.”
The trial judge found that the language contained in Section 5.17 of the agreement, which states that “[t]he arbitrator shall have no authority to make material errors of law”, did not attempt to broaden the scope of arbitration. However, if the language made such an attempt, the trial judge found that such attempt would be a direct contradiction to the United States Supreme Court’s decision in Hall Street Assocs. v. Mattel, Inc., 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). Therefore, “jurisdiction to vacate and/or modify the award must be done only in accordance with the enumerated criteria set forth [in the Louisiana and Federal Arbitration Acts].” We agree.
First, the agreement at issue provides for it to be construed in light of pertinent federal and state governance. We therefore find the United States Supreme Court’s decision in Hall Street, pertinent to our review, Id.
In Hall Street, the contract included the following language.
“[t]he United States District Court for the District of Oregon may enter judgment upon any award, either by confirming the award or by vacating, modifying or correcting the award. The Court shall vacate, modify or correct any award: (i) where the arbitrator’s findings of facts are not supported by substantial evidence, or (ii) *1213 where the arbitrator’s conclusions of law are erroneous.”
Id., 552 U.S. at 579,128 S.Ct. at 1400.
The United States Supreme Court held that the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.) does not permit parties to expand the scope of review by agreement. Id., 552 U.S. at 590, 128 S.Ct. at 1406. The court |10concluded that the grounds for prompt vacatur or modification of an arbitral award enumerated in the Federal Arbitration Act, 9 U.S.C. §§ 10-11, are exclusive and parties may not expand the scope of review by agreement. Id.
Arbitration proceedings are governed by the Louisiana Arbitration Act, La.R.S. 9:4201 et seq. The statutory grounds for vacating an arbitration award are:
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
La. R.S. 9:4210[4].
Applying the discretionary law of the case doctrine as KeyClick suggests would be contrary to intervening caselaw, which provides that the enumerated reasons for vacating an arbitral award as provided by Louisiana Arbitration Act are exclusive. Further, the parties do not cite any authority that creates an exception thereto.
We find that the arguments advanced by KeyClick do not fit the aforementioned enumerated reasons. Therefore, we find no merit in Appellant’s assertion regarding the discretionary law of the case doctrine and affirm.
|nATTORNEYS’ FEES AND COSTS
The arbitrator granted awards to both parties with a net amount being awarded to KeyClick in the amount of $9,887.46. KeyClick maintains that because the net award was made in its favor, it is entitled to attorneys’ fees and costs as the “prevailing party” according to the agreement.
It is well settled that attorneys’ fees are not recoverable unless expressly authorized by statute or by a contract between the parties. See Huddleston v. Bossier Bank and Trust Co., 475 So.2d 1082, 1085 (La.1985). The arbitrator concluded that neither OHP nor KeyClick were entitled to attorney’s fees or costs pursuant to Section 5.17 of the agreement.
The arbitrator noted that while each party contends that it is “the prevailing party,” entitling it to attorneys’ fees and costs, no evidence was introduced to establish the amount of' attorneys’ fees. The arbitrator stated:
Each of the parties could argue that it “prevailed “on one issue or another and could even count up the points at issue throughout the years of litigation and arbitration. In that sense, both parties have prevailed and are, respectively, a “prevailing party” within the meaning of the arbitration agreement. It is so found. Having said that, in reality, no party prevailed to any significant degree on any significant issue which *1214 materially achieved their goal in bringing their initial claims and counterclaims (emphasis supplied).
Each party has prevailed on and will receive a monetary award. As for the fact that the net monetary award favors KeyClick, the Arbitrator considers this a technical victory based upon the mere crunching of the numbers. This technical victory is not considered sufficient to confer status as “prevailing party” so as to support an award of attorneys’ fees and costs (emphasis supplied).
In LHO New Orleans LM, L.P. v. MHI Leasco New Orleans, Inc., 06-0489, p. 20 (La.App. 4 Cir.4/16/08), 983 So.2d 217, 230, this Court found that the trial court abused its discretion in awarding attorneys’ fees and costs incurred for portions of litigation on which a party did not prevail. Here, the | ^arbitrator found that neither party prevailed and concluded that, therefore, neither party was entitled to attorneys’ fees and costs; the trial court affirmed that finding. We find no abuse of discretion in the trial court’s confirmation of the assessment of attorneys’ fees made by the arbitrator and affirm.
DECREE
For the foregoing reasons, the judgment is affirmed. We find that the decision to vacate the 2003 arbitration award was not based on an expanded scope of judicial review. KeyClick’s request to reinstate the 2003 arbitration award is not properly before this Court. We find that applying the law of the case doctrine as KeyClick suggests would be contrary to intervening caselaw.
AFFIRMED

. After the original arbitration proceedings, Ochsner Health Plan, Inc. was acquired by Humana Health Benefit System of Louisiana, Inc.

. Advanced Medical Systems, Inc. (AMS), provided data processing services to Ochsner Health Plan (OHP). Thereafter, AMS changed its name to KeyClick Outsourcing, Inc.

. Ochsner Health Plan, Inc. v. Advanced Medical Systems, Inc., 03-118 (La.App. 5 Cir. 5/28/03), 846 So.2d 1286.

. We note that the grounds listed herein mirror those enumerated in the FAA.