LOVE, J.,
concurs and assigns reasons.
Li concur with the results reached by the majority. However, I write separately to emphasize the discretionary nature of the law of the case doctrine at the appellate court level.
The law of the case doctrine “is a discretionary guide that will not be applied inflexibly.” KeyClick Outsourcing, Inc. v. Ochsner Health Plan, Inc., 11-0598, p. 8 (La.App. 4 Cir. 3/14/12), 89 So.3d 1207, 1212. See also Scott v. Am. Tobacco Co., 09-0461, p. 4 (La.App. 4 Cir. 4/23/10), 36 So.3d 1046, 1050. On appeal, we are permitted to disregard this doctrine if a “palpable error” is discovered in our first decision. First Bank & Trust v. Duwell, 110104, p. 5 (La.App. 4 Cir. 5/18/11), 70 So.3d 15, 19. See also Washington v. Aetna Life Ins. Co., 03-0790 (La.App. 4 Cir. 7/2/03), 853 So.2d 34. An appellate court may also choose not to apply the law of the case doctrine to avoid “obvious injustice,” (First Fed. Sav. & Loan of Warner Robins, Georgia v. Disiere, 542 So.2d 11, 13 (La. *995 App. 4th Cir.1989)), if “operative facts upon which the court’s prior decision was based have changed,” (Bank One, Nat. Ass’n v. Velten, 04-2001, p. 7 (La.App. 4 Cir. 8/17/05), 917 So.2d 454, 459), or “ ‘when there is intervening case law.’ ” KeyClick, 11-0598, p. 8, 89 So.3d at 1212, quoting Mann v. Brittany Place Associates Ltd., 99-1588, p. 3 (La.App. 4th Cir.9/13/00), 770 So.2d 25, 27.