EDWIN A. LOMBARD, Judge.
| Appellant and intervenor, Oklahoma Gas and Electric Company (“OGE”), seeks review of the August 25, 2014 judgment of the district court denying its claim for reimbursement. Finding that the district court did not err, we affirm.
Facts
The facts of this case were previously set forth in Scarberry v. Entergy Corp., 13-0214 (La.App. 4 Cir. 2/19/14), 136 So.3d 194. Those facts relevant to the instant matter are that Mr. Scarberry, a former electrical lineman for OGE, was injured in Louisiana while assisting Entergy Gulf States Louisiana, L.L.C. and Entergy Services, Inc. (referred to herein collectively as “Entergy”) in its efforts to restore electrical power following Hurricane Gustav. Entergy and OGE are members of the Southeastern Electrical Exchange (“SEE”), which is a nonprofit trade association composed of numerous utility companies that provide electricity to approximately twenty eastern, southeastern and Midwestern American states. Members of SEE entered into a Mutual Assistance Agreement (“Agreement”), which governs the relationship between Requesting Companies and Responding Companies, including Entergy and OGE, respectively. Scarberry, 13-0214, pp. 40-41, 136 So.3d at 219.
|2In July 2009, Mr. Scarberry sued En-tergy seeking damages as a result of his injuries. Thereafter, OGE filed a petition for intervention requesting reimbursement for the workers’ compensation benefits paid to Mr. Scarberry. On August 1, 2011, OGE executed a “Receipt” acknowledging that it received $156,470.38 from Entergy as reimbursement for workers’ compensation benefits paid to ■ Mr. Scarberry through June 28, 2011. This reimbursement was made pursuant to the terms of the Agreement and OGE reserved its rights to subrogation within the Receipt.
Following a jury trial and verdict in Mr. Scarberry’s favor, both Entergy and Mr. Scarberry appealed the district court’s judgment of December 5, 2013. A portion of the district court’s judgment, which stated that there be a judgment “in favor of workers’ compensation intervenor, Oklahoma Gas & Electric Company [OGE], in an amount to be determined in accordance with the applicable law,” was not appealed by either party.[1] Our determination of the prior appeal is not at issue in the instant matter.
After the filing of the respective appeals of Entergy and Scarberry, OGE moved the district court to quantify its intervention. It specifically requested that the district court determine the amount of. monetary recovery that it is entitled to receive out of the judgment rendered in Mr. Scarberry’s favor and paid by Enter-gy. OGE further sought a judgment recognizing its entitlement to a credit toward any “potential future exposure” to Mr. Scarberry under Oklahoma’s Workers’ Compensation Act. In its August 25, 2014 judgment, the district court dismissed OGE’s claims for reimbursement and its intervention. The court reasoned that Mr. |,(¡Scarberry was a third-party beneficiary to the Agreement executed by OGE and Entergy; thus,' Entergy’s reimbursement to OGE was for Mr. Scarberry’s benefit. The district court later denied OGE’s mo *55 tion for new trial and converted its suspen-sive appeal to a devolutive appeal.
OGE filed this timely appeal. The crux of this appeal is whether the district court legally erred in allegedly denying OGE’s statutory right to recover reimbursement of workers’ compensation benefits that it paid its employee, Mr. Scarberry. Related to this argument, OGE raises four (4) assignments of error:
1. Mr. Scarberry’s failure to plead the affirmative defense of extinguishment barred him from challenging OGE’s intervention on that basis post-trial and post-judgment;
2. Mr. Scarberry’s failure to appeal the first judgment — which validated OGE’s intervention — prevents him from raising an affirmative defense after the appeal was decided by this Court;
3. The parties to the Agreement intended to alter the rights between a Responding Company and its own employee, and, in any event, Mr. Scarberry did not otherwise establish the elements of a stipulation pourautrui; and
4. The district court violated the collateral source rule in giving Mr. Scar-berry the .benefit of Entergy’s payment to OGE.
Standard of Review
The court of appeal should not set aside the factual findings of a trial court absent manifest error or unless clearly wrong. See Brewer v. J.B. Hunt Transp., Inc., 09-1408, p. 9 (La.3/16/10), 35 So.3d 230, 237. However, if a court of appeal finds that the trial court committed a reversible error of law or manifest error of fact, the court of appeal must ascertain the facts de novo from the record and render a judgment on the merits. LeBlanc v. Stevenson, 00-0157, p. 3 (La.10/17/00), 770 So.2d 766, 770. Although appellate courts should accord deference |4to the factfinder, they nonetheless have a constitutional duty to review facts. Id. Because appellate courts must perform this constitutional function, they have every right to determine whether the trial court verdict was clearly wrong based on the evidence or clearly without evidentiary support. Id. Furthermore, “[w]e have previously emphasized the principle that ‘if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.’ ” In re Succession of Sporl, 04-1373, p. 6 (La.App. 4 Cir. 4/6/05), 900 So.2d 1054, 1058-59.
Extinguishment and Failure to Appeal
We combine our discussion of OGE’s first two assignments of error as both raise issues of extinguishment and Mr. Scarberry’s failure to appeal OGE’s intervention. OGE argues that it intervened in the instant matter for the sole purpose of asserting its subrogation rights for workers’ compensation benefits it paid Mr. Scarberry. It further avers that Mr. Scar-berry neither opposed the intervention nor asserted any affirmative defenses to its petition. Moreover, he did not oppose OGE’s participation at trial nor the above-referenced portion of the district court’s judgment recognizing its intervention for reimbursement of workers’ compensation benefits. This portion of the district court’s judgment is final. The district court, it alleges, recognized its right to recovery even though the amount of recovery was not specified.
OGE argues that if Mr. Scarberry believed that OGE’s right to recover was extinguished by virtue of its having already been paid by Entergy, then he *56 should have properly raised the affirmative defense of extinguishment in his answer to the intervention; additionally, he should have appealed the district court’s judgment granting the intervention. However, now the judgment is final. Mr. Scarberry, |fiOGE argues, is precluded from modifying the judgment below. The district court legally erred in allowing him to do so.
OGE contends that Mr. Scarberry did not plead extinguishment or any other affirmative defense in his answer to OGE’s intervention, as required under La.Code Civ. Proc. art. 1005. OGE maintains that because Mr. Scarberry did not plead extin-guishment at any point prior, he waived his right to rely on Entergy’s payment to OGE. Furthermore, OGE avers that Mr. Scarberry knew about Entergy’s payment to OGE under the Agreement through discovery; however, he never sought to amend his answer, oppose OGE’s intervention, raise the defense of extinguishment at trial, or respond to its appellate brief. It also argues that he did not raise this defense in any of his pleadings. The district court, it argues, committed a legal error in relying on this new theory and contradicted its initial judgment, by denying OGE’s reimbursement claim.
Mr. Scarberry did not raise the affirmative defense of extinguishment as required by La.Code Civ. Proc. art. 1005.[2] However, our review of the record shows that Mr. Scarberry could not plead extin-guishment at the time he answered OGE’s intervention, on June 3, 2011, because OGE did not execute the Receipt acknowledging Entergy’s payment until August 1, 2011, approximately two months after he filed his answer. We further note that OGE does not state on what date it submitted discovery responses to Mr. Scar-berry that would have alerted him to raise an extinguishment defense. The first pleading filed by Mr. Scarberry reflecting that he knew OGE had been reimbursed by Entergy for its workers’ |ficompensation payment was his opposition to OGE’s motion to determine the intervention. Under the facts of this case, we find that Mr. Scarberry is not barred from raising extin-guishment as a defense. This assignment of error is without merit.
Furthermore, we do not find that the district court’s grant of OGE’s motion for intervention and its recognition of OGE’s statutory right to seek reimbursement meant that the district court was bound to grant OGE’s reimbursement claim. In fact, as Mr. Scarberry argues, the portion of the December 5, 2012 judgment rendered in OGE’s favor did not specify which party, if any, was to reimburse OGE and for what amount. Moreover, the record does not reflect that the district court was aware that OGE’s reimbursement claim may have potentially been extinguished when it rendered its December 5, 2012 judgment recognizing OGE’s right to reimbursement. Therefore, the district court’s subsequent judgment dismissing OGE’s reimbursement claim is not a modification of its initial judgment. This assignment of error is without merit.

*57
Stipulation Pour Autrui

In its third assignment of error, OGE argues that Mr. Scarberry is not a third-party beneficiary of the reimbursement provision of the Agreement, nor did he manifest the intent to avail himself of a benefit in his favor.
OGE argues that the Agreement provides that the Requesting Company shall reimburse the Responding Company for workers’ compensation payments; however, there is no evidence that Mr. Scarberry was intended to benefit from the reimbursement provision. The district court, it avers, misinterpreted the third-party beneficiary provision at issue in Mr. Scarber-ry’s favor. OGE contends that there is no proof demonstrating that this provision was intended to extinguish Mr. Scarberry’s debt to his employer as the Agreement does not govern the employer/employee relationship. The Agreement did not alter the statutory rights 17OGE has against Mr. Scarberry. The Agreement, it argues, only applies to the relationship between SEE utility companies. OGE argues that the three-prong test for determining whether a third-party benefit established in Joseph v. Hosp. Serv. Dist. No. 2, 05-2364 (La.10/15/06), 939 So.2d 1206, was not met. The reimbursement provision does not make “manifestly clear” that it is for the benefit of an injured employee.
“A contracting party may stipulate a benefit for a third person called a third party beneficiary.” La. Civ.Code art. 1978. Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary’s agreement. Id. Pursuant to Louisiana law, such a contract for the benefit of a third party is commonly referred to as a stipulation pour autrui. Joseph, 05-2364, p. 7, 939 So.2d at 1211. The three criteria used to determine if a particular contract stipulates a benefit for a third party are:
(1)the stipulation for a third party must be “manifestly clear;”
(2) there must be “certainty as to the benefit provided the third party;” and
(3) the benefit must not be “a mere incident of the contract” between the contracting parties.
Joseph, 05-2364, pp. 8-9 (La.10/15/06), 939 So.2d 1206, 1212. In applying these criteria the ultimate determination must be based “on the words of Article 1978 that the contract must ‘stipulate a benefit for a third person.’ ” Id., 05-2364 at p. 9, 939 So.2d at 1212. “A person may derive a benefit from a contract to which he is not a party without being a third party beneficiary.” Id., 05-2364, p. 12, 939 So.2d at 1214. A stipulation pour autrui is never presumed. Id.
“Each case must be decided on a case-by-case basis,” and “[e]ach contract must be evaluated on its own terms and conditions in order to determine if the ^contract stipulates a benefit for a third person.” Dugas v. Thompson, 11-0178, p. 11 (La.App. 4 Cir. 6/29/11), 71 So.3d 1059, 1066 (citing Joseph, 05-2364, p. 8, 939 So.2d at 1212). Also, the alleged benefit cannot be “merely incidental to the contract.” Smith v. State Farm Ins. Co., 03-1580, p. 5, (La.App. 4 Cir. 3/3/04), 869 So.2d 909, 913.
The wording of the contract at issue is controlling in order to determine whether Mr. Scarberry was a third party beneficiary. The portion of the Agreement relating to workers’ compensation, Section 17.6, states in pertinent part:
Where payments are made to Responding Company under a worker’s [sic] compensation or disability benefits law or any similar law for bodily injury or *58 death resulting from furnishing emergency assistance, Requesting Company shall reimburse the Responding Company for such payments, except to the extent that such bodily injury or death is caused by the willful or wanton misconduct and/or gross negligence of the Responding Company.
In its first footnote, the Agreement provides that “[i]n this document the terms Responding Company and Requesting Company refers to both the company and its employees.” [Emphasis added.]
In our prior Scarberry opinion, we set forth those laws applicable to interpreting contract provisions:
In interpreting contracts such as indemnity clauses, we are guided by the general rules contained in Articles 2045 through 2057 of the Louisiana Civil Code. The interpretation of a contract is the determination of the common intent of the parties. See La. Civil Codarts. 2045, 2047. See, e.g., Berry v. Orleans Parish School Bd., 01-3283, p. 3 (La.6/21/02), 830 So.2d 283, 285. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties. See La. Civil Code art. 2046.
Scarberry, 13-0214, p. 47, 136 So.3d 194, 222.
|aIn the matter sub judice,' we find that the district court did not err in holding that Entergy’s obligation to reimburse OGE pursuant to the Agreement was a “manifestly clear” stipulation made for Mr. Scarberry’s benefit. As an employee of OGE, Mr. Scarberry was included with every mention of the “Responding Company” in the above-referenced section under the plain wording of the Agreement. Also, because employees are expressly included in the Agreement, there is certainty as to the benefit provided to Mr. Scarberry by this portion of the Agreement providing for reimbursement to OGE. Lastly, the benefit is not a mere incident of the contract between the SEE members, specifically Entergy and OGE, considering the consistent inclusion of “employees” with Responding Companies throughout the contract. The SEE members, including OGE, drafted this Agreement; thus, its terms are to be interpreted against OGE if there is any ambiguity. La. Civ.Code art. 2056.[3]
OGE further asserts that even if Mr. Scarberry was a third-party beneficiary of this provision, he never manifested his intent to avail himself of its benefits because he neither alleged in his petition for damages or .in his answer to the intervention that he was the intended beneficiary of the reimbursement provision. OGE contends that his attempt to use the Agreement’s indemnity[4] provision to force Entergy to pay for his and OGE’s fault was unsuccessful on appeal when our Court held that the indemnity provision did not apply where Mr. Scarberry was not found liable for his own injuries. Lastly, it argues that the district court’s analysis is flawed because the district court failed to recognize that Mr. Scarberry did not invoke the indemnity provision of the Agreement in his lawsuit. Therefore, he had | innot asserted his alleged third-party rights prior to the Receipt being executed between Entergy and OGE.[5]
*59 We find that OGE’s argument is without merit. Mr. Scarberry maintains that the Agreement was the basis of his suit against Entergy and that by filing suit he demonstrated his intention to avail himself of the benefits of the Agreement. We agree. “[T]he law does not require express acceptance or consent on the part of the beneficiary nor does it require a particular form of acceptance or consent.” Hazelwood Farm, Inc. v. Liberty Oil & Gas Corp., 01-0345, p. 12 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, 101 (citing Andrepont v. Acadia Drilling Co., 231 So.2d 347, 351, 255 La. 347 (1969)). Moreover, comment (b) of La. Civ.Code art. 1978 provides: “the beneficiary’s intention to accept the benefit may be made known in any manner, even implied. The filing of suit is a sufficient expression of such an intention.”[6]
Our review of the record shows that Mr. Scarberry did demonstrate his intention to avail himself of the benefits of the Agreement in the fourth paragraph of his petition for damages, where he pled:
Mr. Scarberry was working in Louisiana at the direction of OGE, upon information and belief, in' accordance with a mutual aid agreement entered into by OGE and the Entergy Corporation ...
Thus, we find that the district court did not err in holding that Mr. Scarberry was a third-party beneficiary of the Agreement and that he manifested his intent to avail himself of its benefit. This assignment of error is without merit.
^Collateral Source Rule
In its final assignment of error, OGE argues that the collateral source rule precludes the diminution of OGE’s claim by a source not procured by Mr. Scarberry. The district court, it avers, legally erred in failing to apply the collateral source rule to preclude Mr. Scarberry from benefiting from Entergy’s reimbursement. OGE’s receipt of a benefit from Entergy, does not extinguish its right to recover from him. It further argues- that its private, contractual agreement to be reimbursed by En-tergy, was neither paid for nor procured by him; thus, cannot inure to his benefit.
Additionally, OGE avers that Oklahoma law allows an employer to intervene so that an injured employee does not receive a double recovery. 85 O.S. § 44 et seq.[7] *60 Thus, to deny OGE’s right' to recover its workers’ compensation benefits from Mr. Scarberry gives him a double recovery and frustrates the purpose of the Oklahoma statute. Moreover, OGE maintains that it will not be receiving a | ^double recovery if reimbursed by Mr. Scarberry because it will repay Entergy pursuant to a verbal agreement.
The Louisiana Supreme Court has explained that the collateral source rule provides that a “tortfeasor may not benefit, and an injured plaintiffs tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor’s procuration or contribution.” Bellard v. Am. Cent. Ins. Co., 07-1335, p. 18 (La.4/18/08), 980 So.2d 654, 668 [citations omitted].[8]
OGE’s essential argument is that the collateral source rule should be applied so as not to bar it from recovering its workers’ compensation benefits from Mr. Scarberry though OGE has been reimbursed by Entergy. However, we find no jurisprudential support for OGE’s assertion that the collateral source rule is applicable to it as an employer in this instance. In other words, the collateral source is to be applied in favor of an aggrieved or injured plaintiff against a tortfeasor attempting to claim a benefit for monies a plaintiff receives from an independent source. While OGE may assert that it is an aggrieved party who received monies from an independent source, Mr. Scarber-ry is not a tortfeasor. Thus, its collateral source argument is inapplicable.
Furthermore, in light of our holding that Mr. Scarberry is a third-party beneficiary of the Agreement, the issue raised by OGE’s arguments is whether an employer, who contracted with the tortfeasor for the benefit of its employee, can seek reimbursement of workers’ compensation benefits from the employee despite having already been reimbursed by the tortfeasor. Under the unique facts of this case, we uphold the district court’s determination that OGE is not entitled to reimbursement.
| iaOGE facilitated double recovery to Mr. Scarberry as a result of conferring a third-party benefit to him through the Agreement. The Agreement does not contain a reservation of the Responding Company’s right to subrogation. This is why OGE attempted to reserve this right as a part of the Receipt. However, at that juncture, neither OGE nor Entergy could contract to reserve OGE’s right to subro-gation without Mr. Scarberry’s assent because he had already manifested his intent to avail himself of the benefit of the Agreement.
Moreover, the stated purpose of an Oklahoma employer having the right to subrogation is to “recover money paid by the employer or his insurance carrier” from “third persons”. 85 O.S. § 44(c).[9] OGE contracted to recover its statutory reimbursement directly from Entergy under the terms of the Agreement and, in fact, received its reimbursement.
*61 One of the parties in this matter is going to receive double recovery. Mr. Scarberry benefits if he does not have to return the workers’ compensation benefits he received. Yet, if he does compensate OGE, it will have been paid twice for the benefits it provided, regardless of its alleged verbal contract to repay Entergy. Nothing in the record evidences such an agreement. Considering that OGE has been reimbursed, we see no basis for allowing OGE to receive a double recovery. Thus, we find that the district court did not commit a legal error in denying OGE’s reimbursement claim and dismissing its intervention. This assignment of error is without merit.
DECREE
For the foregoing reasons, the judgment of the district court denying Oklahoma Gas and Electric Company’s claim for reimbursement is affirmed.
AFFIRMED

. The parties had previously stipulated that OGE paid Mr. Scarberry $150,162.49 in workers' compensation benefits.

. La.Code Civ. Proc. art. 1005 states:
The answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as a peremptory exception or as an incidental demand, or a peremptory exception as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.

.In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text. La. Civ.Code art. 2056.

. The reimbursement language at issue is contained within the indemnification clause of the Agreement.

. The indemnity provision of the Agreement is contained in the same section, Section 17.6, *59 as the reimbursement provision for workers’ compensation.

. We recognize that comments to Civil Code articles do not constitute law. Terrebonne Parish School Bd. v. Castex Energy, Inc., 04-9608, p. 11 (La.1/19/05), 893 So.2d 789, 797.

. Oklahoma's Workers’ Compensation Act was repealed by Laws 2011, SB 878, c. 318, § 87. The applicable portion of the Act, 85 O.S. § 44, in effect at the time of Mr. Scarber-ry's accident, states in pertinent part:
(a) If a worker entitled to compensation under the Workers’ Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers’ Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other.... Whenever recovery against such other person is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth and shall pay from its share of said reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to the determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee....
[[Image here]]
(c) The employer or his insurance carrier shall have the right of subrogation to recover money paid by the employer or *60 his insurance carrier for the expenses of the last illness or accident under the Workers' Compensation Act from third persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no benefits under the Workers' Compensation Act.

. Oklahoma has. a similar definition of the collateral source rule. Blythe v. Univ. of Oklahoma, 2003 OK 115, ¶ 7, 82 P.3d 1021, 1026 (2003).

. See note 7, supra.