TERRI F. LOVE, Judge.
|-i Plaintiffs townhouse in New Orleans was demolished although it was not condemned or slated for demolition. Plaintiff filed a motion for partial summary judgment contending that she was a third party beneficiary to the contract between the City of New Orleans and the demolition contractor. The trial court denied the motion, but once re-urged, the trial court granted plaintiffs motion finding that the contract anticipated that the plaintiff was a third party beneficiary to the contract. The demolition contractor appeals, contending that the issue of whether plaintiff is a third party beneficiary is a mixed question of law and fact improper on a motion for summary judgment. The contract between the City of New Orleans and the demolition contractor states that the demolition contractor will repair damage caused during demolitions. This stipulation. in favor .of other property owners meets the criteria for finding a stipulation pour autrui. As a third party property owner, plaintiffs townhouse was demol *262 ished during the demolition of her neighbor’s townhouse. Therefore, we find that plaintiff is a third party beneficiary to the contract between the City of New Orleans and the demolition contractor. ' The trial court did ndt err, and we affirm.

j^Actual background and PROCEDURAL HISTORY

Following Hurricane Katrina, the City of New Orleans (“City”) entered into a contract with Beck Disaster Recovery (“BDR”) to provide project management services for the City’s demolition program. The City then entered into a contract with DRC Emergency Services, LLC (“DRC”) to perform the demolitions managed by BDR. ;
Cora Williams, the owner of a townhouse on Lakeview Court in New Orleans, had gutted her townhouse, treated it with Boraeare, and replaced the roof, Mrs. Williams was waiting for funding to finish rebuilding her rental property. However, in • April 2008, DRC demolished Mrs. Williams’ townhouse located at 5235 Lake-view Court while, -it was demolishing 5237 Lakeview Court, Upon discovering the demolition, Mrs. Williams attempted, to seek a remedy from the City for the. wrongful demolition. The City did not provide Mrs. Williams with- relief.
Mrs. Williams subsequently filed a Petition for Damages against the City, BDR, and Louisiana Citizens Property Insurance Corporation (“LCPIC”) seeking damages for the wrongful demolition of her townhouse.- Mrs. Williams filed a Motion for Partial Summary Judgment regarding liability and undisputed ■ damages. Mrs. Williams then filed her First Amended Petition, which added DRC as an additional defendant. The trial court denied Mrs. Williams’ Motion for Partial Summary Judgment;
LCPIC filed a Motion for Summary Judgment seeking dismissal from the suit. However, Mrs. Williams filed a Cross-Motion for Partial Summary Judgment against LCPIC in response. The trial court denied both LCPIC’s and Mrs. Williams’ Motions for Summary Judgment.
Mrs. Williams then filed a Motion for Partial Summary Judgment regarding |aDRC’s liability and her status as a third party beneficiary to the contract between DRC and the City. LCPIC filed a Cross-Claim and Third Party Demand seeking indemnity against the City, BDR, DRC, and Cahaba Disaster Recovery, LLC (“Ca-haba”).[1] The trial court denied Mrs. Williams’- Motion for Partial -Summary Judgment against DRC.
LCPIC filed a Motion to Dismiss with prejudice, which the trial court granted. LCPIC then filed a Motion to Dismiss its cross-claims and third party demand against the City, BDR, DRC, and Cahaba, which the trial court granted. Mrs. Williams and BDR filed a Joint Motion for Dismissal with prejudice, which the trial court also granted.[2]
DRC then filed a Motion for 'Summary Judgment contending Mrs. Williams was not a third party beneficiary to the contract between DRC and the City, and that DRC was not negligent by following the plans and specifications provided. Mrs. Williams responded by filing a Cross-Motion for Partial Summary Judgment against the City and DRC. Following-a hearing, the trial court partially granted Mrs. Williams’ Cross-Motion for Partial Summary Judgment, and found that, as a question of law, Mrs. Williams was a third *263 party beneficiary to DRC’s contract with the City. The trial court also denied DRC’s Motion for Summary Judgment. Mrs. Williams filed a Notice of Intent to seek writs, which is not before this Court-on appeal.[3] DRC filed a Motion for Appeal seeking to overturn the trial court’s partial grant of Mrs. Williams’ Cross-Motion for Partial Summary Judgment.
DRC contends that the trial court should not have considered Mrs. Williams’ Cross-Motion for Partial Summary Judgment because it previously denied a ^similar motion. DRC also asserts that whether Mrs. Williams was a third party beneficiary to the contract with the City was contested and a mixed question of law and fact that should be reserved' for the factfinder.

SUMMARY JUDGMENT

' “The summary judgment procedure is designed to .secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969.” La. C.C.P. art. 966(A)(2). “The procedure is favored and shall be construed to accomplish these ends.” Id, “[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(A)(3).'
The burden of proof remains with the mover. La. C.C.P. art. 966(D)(1). However, “if the mover will not bear the burden of proof at trial on -the issue that- is before the court on the motion for summary judgment,” then the mover must merely “point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P; art. 966(D)(1). “The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or'that the mover is not entitled to judgment as a matter of law.” La. C.C.P. art.' 966(D)(1). - “When faced with a supported motion for summary judgment, an adverse-party -may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing |Bthat there is a genuine issue of material fact for trial.” Huber v. Liberty Mut. Ins. Co., 00-0679, pp. 6-6 (LáApp. 4 Cir. 2/7/01),' 780' So.2d 561,564. ’
“Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is áppropriáte.” Bank One, Nat.' Ass’n v.' Velten, 04-2001, p. 4 (La. App. 4 Cir. 8/17/05), 917 So.2d 454, 457. “Both the evidence and all inferences drawn from the evidence must be construed in favor' of the party opposing the motion,' and all doubt must be resolved in his favor.” Hebert v. 'St. Paul Fire & Marine Ins. Co., 99-0333, p. 3 (La.App. 4 Cir'.-2/23/00), 757 So.2d 814, 816.

PROCEDURAL POSTURE

DRC ’ contends that the trial court should not have considered Mrs. Williams’ Cross-Motion for Partial Summary Judgment because a similar motion-was previously denied and the law of the case doctrine prevents reconsideration.
“The law of the case refers to a policy by which- the court will not reconsider prior rulings in the same case.” Key-Click Outsourcing, Inc. v. Ochsner Health *264 Plan, Inc., 11-0598, p. 7 (La.App. 4 Cir. 3/14/12), 89 So.3d 1207, 1211. “The policy reasons behind the doctrine include: (i) avoiding re-litigation of the same issue, (ii) promoting consistency of result • in the same litigation, and (iii) promoting efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue.” Id., 11-0598, pp. 7-8, 89 So.3d at 1211-12. “However, ‘[ujnlike the statutory doctrine of res judicata, the jurisprudential doctrine of law of the case is a discretionary guide that will not be applied inflexibly.’ ” Id., 11-0598, p. 8, 89 So.3d at 1212, quoting Daigre v. International Truck and Engine Corp., 10-1379, p. 15 (La.App. 4 Cir. 5/5/11), 67 So.3d 504, 513-14.
|r“The doctrine does not apply in the context of a trial court ruling on ¡interlocutory issues.” Land v. Vidrine, 10-1342, p. 9 (La.3/15/11), 62 So.3d 36, 42. Additionally, “a second motion for summary judgment is permissible because the denial of an initial motion for summary judgment is an interlocutory judgment, and therefore, not a final judgment.” Hargett v. Progressive Ins. Co., 08-0293, p. 7 (La.App. 4 Cir. 10/29/08), 996 So.2d 1199, 1202. “A trial court may grant a re-urged motion for summary judgment,,even when no new evidence has been submitted.” Paragon Lofts Condo. Owners Ass’n, Inc. v. Paragon Lofts, L.L.C,, 09-0943, p.. 4 (La.App. 4 Cir. 2/10/10), 32 So.3d 303, 306.
The trial court’s denial of Mrs. Williams’ first Motion for Partial Summary Judgment was an interlocutory, judgment. Therefore, the law of the case doctrine does not apply. See Land, 10-1342, p. 9, 62 S6.3d at 42. Additionally, given the discretionary nature of the law of the case doctrine, and the trial court’s purview to grant a re-urged motion for summary judgment, we do not find that the trial court erred by considering Mrs. Williams’ Cross-Motion for Partial Summary Judgment. .

STIPULATION POUR AUTRUI

DRC asserts that the trial court erred by granting Mrs. Williams’ Cross-Motion for Partial Summary Judgment regarding stipulation pour autrui because the matter was contested with remaining genuine issues of material fact.
“The interpretation of a contract is normally a question of law.” Iteld v. Four Comers Const., L.P., 12-1504, p. 16 (La.App. 4 Cir. 6/5/13), 157 So.3d 702, 714. “Moreover, when a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate.” Id.
17“A contracting party may stipulate a benefit for a third person called a third party beneficiary.” La. C.C. art. 1978. “Under Louisiana law, such a contract for the benefit of a third party is commonly referred to as a ‘stipulation pour autmi.’” Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary, 05-2364, p. 7 (La.10/15/06), 939 So.2d 1206, 1211, quoting Paul v. Louisiana State Employees’ Group Benefit Program, 99-0897, p. 5 (La. App. 1 Cir. 5/12/00), 762 So.2d 136, 140. “A stipulation pour autmi favored in our law, may be for the benefit of undetermined persons, so long as the third party beneficiaries are.determinable on the day on which the agreement is to have effect for their benefit.” Fairbanks v. Tulane Univ., 98-1228, p. 7 (La.App. 4 Cir. 3/31/99), 731 So.2d 983, 987.
The Louisiana Supreme Court held that there are three requirements for a stipulation pour autmi: “1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit pro *265 vided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee.” Joseph, 06-2364, pp. 8-9, 939 So.2d at 1212. “The stipulation gives the third party beneficiary the right to demand performance from the promisor.” La. C.C. art. 1981. “ ‘Each case must be decided on a case-by-case basis,’” and ‘“[e]ach contract must be evaluated on its own terms and conditions in order to determine if the contract stipulates a benefit for a third person,’ ” Scarberry v. Entergy Corp., 14-1256, pp. 7-8 (La.App. 4 Cir. 5/6/15), 172 So.3d 51, 57, quoting Dugas v. Thompson, 11-0178, p. 11 (La.App. 4 Cir. 6/29/11), 71 So.3d 1059,1066. Also, the alleged benefit cannot be “ ‘merely incidental to the contract.’” Scarberry, 14-1256, p. 8, 172 So.3d at 57, quoting Smith v. State Farm Ins. Co., 03-1580, p. 5 (La.App. 4 Cir. 3/3/04), 869 So.2d 909, 913. “Moreover, the law does not require express acceptance or consent by third party beneficiaries, nor does it require ^particular form of acceptance or consent.” Cooper v. Louisiana Dep’t of Pub. Works, 03-1074, p. 19 (La.App. 3 Cir. 3/3/04), 870 So.2d 315, 331.
The contract between the City and DRC required that DRC:
comply with all the obligations assumed by it; and likewise to promptly deliver all the work called for by .said contract to the City of New Orleans, free from any and all such claims, liens and expenses, then this said bond shall become null and void, otherwise to remain in full force and effect.
Prior to demolishing any structure, DRC had to verify the property to be demolished according to the following contractual specifications:
The Contractor will verify the referral by on-site inspection. He will check address [sic], GPS coordinates, site survey, and photographs to verify the information contained in the Work Order (including authorization). He will report his inspection to the City Representative verifying supplied information and. detailing discrepancies. The Contractor will conduct no site operations at locations with identified discrepancies until the Contractor receives and verifies corrected referral documents.
The contract further provides that DRC must avoid damaging other properties as follows:

L Damage Mitigation:

(a) Before, beginning any demolition work, the Contractor will visually survey the site to identify any problem areas. The -Contractor shall take necessary precautions to avoid damage to adjacent properties. The Contractor shall protect all fire hydrants and all utilities during work operations. The Contractor shall coordinate the work of this section with all other work.
[[Image here]]
(c)The Contractor shall exercise due care to minimize any damage to trees, shrubs, landscaping and general’property. Trees outside the'project site which might be damages during demolition shall be left in-place, and shall be protected.
[[Image here]]

5. Damages and Damage Repair:

|fl(a) The Contractor shall take digital photographs of any damages caused by his operations and provide digital copies to the City Representative.
(b) Any damaged items shall be repaired or replaced as approved by the City Representative, as a non-reimbursable expense.
(c) The Contractor shall repair any damage caused by the contractor’s equipment in a timely manner.
*266 (d) Any damage to private property shall be repaired at the Contractor’s expense.
(e) The Contractor shall replace such tree(s) damaged on adjacent property during the work.
(f) The Contractor shall repair any damage caused by the Contractor’s equipment in a timely manner at no expense to the City of New Orleans. Any damage to the private property, sidewalks, curbs, utilities, or streets shall be repaired at the expense of the Contractor.
(g) The contractor shall repair all roadways, sidewalks, utilities, drainage structures and other features not designated for demolition or removal, which are damaged by Contractor operations. This will include re-sloping to original grade and providing .positive drainage from the site.
First, a stipulation pour au-tmi must be manifestly clear. The contractual provisions cited above clearly indicate that the owners of properties around the demolition activity would not be responsible for repairing damage caused during demolitions-. For example, the contract states that “[t]he Contractor shall take necessary precautions to avoid damage to adjacent properties.” Not only would DRC be responsible to the property owners for repairs, but DRC would not be able to seek reimbursement from the City. This is shown' by the clause: “[a]ny damaged items shall be repaired or replaced as approved by the City Representative, as a non-reimbursable expense.”
' Second, there is certainty as to the benefit provided the third party. The benefit of the third party is fixed and certain because “[a]ny damage to private property shall be repaired at the Contractor’s expense.” Accordingly, third party | ^property owners benefit from the contract because damage caused by DRC will be repaired.
Third, we must examine whether the benefit to third party property owners was a mere incident of the contract between the City and DRC. There must be “an advantage” that “has actually been stipulated on behalf of a third party” compared to “a situation where the advantage relied upon is merely an incident of the contract between the parties.” Albe v. City of New Orleans, 12-0073, p.' 6 (La.App. 4 Cir. 7/5/12), 97 So.3d 583, 587.'" The benefit of requiring DRC to repair the damage caused by its demolitions is not incidental to the contract. It is undisputed that the duty was written into the contract. An example of an incidental benefit would be the third party property owners having cleaner surrounding property because the condemned properties were demolished and hauled away.
DRC contends that Mrs. Williams’ property was slated for demolition by the City because the' City previously designated multi-unit structures for demolition using one address. DRC also cites to the “document package” for 5237 Lakeview Court stating' that it was a duplex. However, it is undisputed that DRC never received instructions to démolish 5235 Lakeview Court, Mrs. Williams’ property.
Having found that the three requirements for & stipulation pour autrui were present in the ease sub judice, we find that no genuine issues of fact remained as to whether Mrs. Williams was a third party beneficiary to the contract between the City and DRC. Accordingly, the trial court did not err - by granting Mrs. Williams’ Cross-Motion for Partial Summary Judgment, and we affirm.

FRIVOLOUS APPEAL

Mrs. Williams asserts in her-ap-pellee brief that she in-entitled to dam *267 ages, costs, and fees for a frivolous appeal. “Although La. G.C.P. art. 2164 and Rule 2-In 19 provide for damages for frivolous appeals, such damages are not proper when the party seeking them fails to either appeal or answer the appeal.” Dugas, 11-0178, p. 15, 71 So.3d at 1068. See also La. C.C.P. art. 2133.
However, even if Mrs. Williams had appealed or answered DRC’s appeal, “La. C.C.P. art. 2164 and Rule 2--19, which allow damages for a frivolous appeal, are penal in nature and must be strictly construed in the appellant’s favor.” Id. “Appeals are favored, and frivolous appeal damages are not granted unless they are clearly due.” Id. “Even when an appeal lacks serious legal merit, frivolous appeal damages will not be awarded unless the appeal was taken solely for the purpose of delay or the appellant’s counsel is not serious in the position he advances.” Id. Considering all of the above, we do not find that DRC’s appeal is unquestionably frivolous.

DECREE

For the above-mentioned reasons, we find that the trial court did not err by granting Mrs. Williams’ Cross-Motion for Partial Summary Judgment because no genuine issues of material fact exist. An interpretation of the contract demonstrates that Mrs. Williams was a third party beneficiary to the contract between DRC and the City. Mrs. Williams did not follow the proper procedure to seek damages for a frivolous appeal. Accordingly, the judgment is affirmed.
AFFIRMED
TOBIAS, J., concurs.

. .Cahaba Disaster Recovery, LLC is not involved in the case sub judice.

. Mrs, Williams settled with BDR.

. Supervisory writ 2015-C-0518 was previously denied by this Court. Williams v. City of New Orleans, 15-0518, unrep. (La.App. '4 Cir. 6/30/15).