853 So.2d 34 (2003)
Edward Charles WASHINGTON and Travis Parker
v.
AETNA LIFE INSURANCE COMPANY, et al.
No. 2003-C-0790.
Court of Appeal of Louisiana, Fourth Circuit.
July 2, 2003.
Rehearing Denied September 9, 2003.
*35 Tom W. Thornhill, Chadwick W. Collings, Thornhill Law Firm, L.C., Slidell, Louisiana, for Respondent.
Christopher J. Aubert, James P. Meyer, Aubert Law Firm, L.L.C., Covington, Louisiana, For Relator.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS SR., Judge MICHAEL E. KIRBY).
MICHAEL E. KIRBY, Judge.
STATEMENT OF THE CASE
The defendants, Schindler Elevator Corporation and Zurich American Insurance, seek review of the trial court's judgment prohibiting them from using a surveillance videotape to cross examine plaintiff's treating physicians during a deposition.
The plaintiffs, Edward Washington and Travis Parker, filed the present action seeking damages for injuries allegedly sustained when a freight elevator that they were in dropped suddenly. The plaintiffs alleged that Washington was slammed to the floor and as a result, suffered injury to his knees, back and neck. During the *36 discovery phase of the litigation, the defendants sought to have an independent medical examination (IME) performed on Washington. The defendants based their request for an IME on the fact that they have videotapes of the accident which indicated that the accident did not happen as plaintiffs have alleged. The defendants contended that the videotapes reveal that "there was no indication shown on the videotape that could have caused the injuries suffered by Washington." The defendants further stated that the videotape from a basement camera shows "the two Plaintiffs unloading their carts from the elevator without incident or apparent injury and simply going about their business."
The trial court denied defendants' request for the IME. Defendants sought supervisory review from this Court. On December 19, 2002, in writ 2002-C-1925, this Court stated:
The writ application is denied. The trial court did not abuse its discretion in deciding not to order an independent medical examination ("IME"). As to the issues of the plaintiff's injuries, treatment and prognosis, the defendant can make use of the two IME's by the worker's compensation insurer. As to the issue of causation, the defendant may use the videotapes to cross-examine the plaintiff's treating physicians and the worker's compensation physicians. The defendant's medical expert may use the videotapes for his opinion on causation.
Thereafter, the defendants filed notices of deposition for Washington's two treating physicians. The plaintiffs opposed the depositions and filed a motion to quash the depositions. After a hearing on April 1, 2003, the trial court granted the plaintiffs' motion to quash the deposition of Dr. Butler. The trial court allowed the defendants to depose Dr. Parnell but prohibited the defendants from using the videotapes in their cross-examination of the physician. The trial court stated during the hearing:
We went over what the Court of Appeals said, and I just disagree with the philosophy behind it. Until I make a determination of whether or not the tape comes into evidence, I'm not going to allow you to utilize it at (sic) deposition.
DISCUSSION
The defendants argue that the trial court erred when it refused to allow them to use the videotapes during their deposition of Dr. Parnell. The defendants suggest that the language in the prior writ binds the trial court and this Court under the law of the case doctrine.
In Jones v. McDonald's Corp., 97-2287, pp. 4-5 (La.App. 1 Cir.1998), 723 So.2d 492, 494-495, the First Circuit reviewed the jurisprudence on the law of the case doctrine.
The law of the case principle is a discretionary guide which relates to (a) the binding force of a trial judge's ruling during the later stages of trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. Louisiana Land and Exploration Co. v. Verdin, 95-2579, pp. 3-4 (La.App. 1 Cir. 9/27/96); 681 So.2d 63, 65, writ denied, 96-2629 (La.12/13/96); 692 So.2d 1067, cert. denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997). It applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. Brumfield v. Dyson, 418 So.2d 21, 23 (La.App. 1 Cir.), writ denied, 422 So.2d 162 (La.1982). The reasons for the law of the case doctrine is to avoid relitigation of the same issue; to promote *37 consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Louisiana Land and Exploration Co. v. Verdin, 95-2579 at 4; 681 So.2d at 65.
Reargument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. However, the law of the case principle is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur. Glenwood Hospital, Inc. v. Louisiana Hospital Service, Inc., 419 So.2d 1269, 1271 (La.App. 1 Cir.1982).
When an appellate court considers arguments made in supervisory writ applications or responses to such applications, the court's disposition on the issue considered usually becomes the law of the case, foreclosing relitigation of that issue either at the trial court on remand or in the appellate court on a later appeal. Dupre v. Maynard, 96-1183, p. 3 (La.App. 1 Cir. 3/27/97); 692 So.2d 36, 38, writ denied, 97-1508 (La.9/26/97); 701 So.2d 986. The law of the case doctrine is not an inflexible law, thus appellate courts are not absolutely bound thereby and may exercise discretion in application of the doctrine. It should not be applied where it would accomplish an obvious injustice or where the former appellate decision was manifestly erroneous. Dodson v. Community Blood Center of Louisiana, Inc., 633 So.2d 252, 255 (La.App. 1 Cir.1993), writs denied, 93-3158, 93-3174 (La.3/18/94); 634 So.2d 850, 851.
In the present case, this Court in writ 2002-C-1925 stated that defendants would be able to use the videotapes in cross examining the plaintiffs' treating physicians on the issue of causation. Given that the causation of the plaintiffs' injuries is a major issue in the case, the defendants should be allowed to present its facts about the accident to the physicians to see if it changes the physicians' opinions on the cause of the plaintiffs' injuries. We find that this Court's prior ruling is not manifestly erroneous. Therefore, we apply the law of the case doctrine and reaffirm the language of this Court in the prior writ.
Accordingly, we grant the defendants' writ application and reverse the trial court's ruling. The defendants are allowed to use the videotapes during their deposition of Dr. Parnell.
WRIT APPLICATION GRANTED; JUDGMENT REVERSED.