| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2023-K-0010** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **LAURA COLLINS** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 551-993, SECTION "A"
Honorable Laurie A. White, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)


Jason Rogers Williams
District Attorney
Corbin Bates
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR RELATOR


C. Gary Wainwright
2739 Tulane Avenue
New Orleans, LA 70119

      COUNSEL FOR RESPONDENT


            **REVERSED; MOTION TO
SUPPLEMENT DENIED AS MOOT
JANUARY 10, 2023**

The Relator, the State of Louisiana, seeks review of the district court's December 22, 2022 ruling denying the State's motion to reconsider the district court's reversal of its May 12, 2022 judgment granting the State's notice of intent to introduce evidence of other bad acts pursuant to La. C.E. art. 404(B)(1) at trial of the second-degree murder charge pending against the Respondent, Laura Collins. The State has also filed a motion to supplement its writ application with the transcript of a January 5, 2023 hearing. For the following reasons, we reverse the district court's ruling, render judgment granting the State's motion to reconsider and reinstating the district court's May 12, 2022 judgment granting the State's notice of intent to introduce evidence of other bad acts pursuant to La. C.E. art. 404(B)(1), and deny as moot the State's motion to supplement.

## FACTUAL AND PROCEDURAL HISTORY

Laura Collins is charged in two separate cases with manslaughter and second-degree murder, respectively. In the manslaughter case, Ms. Collins is charged with hitting and killing a bicyclist with her vehicle before fleeing the scene on January 9, 2020. The State alleges that the second-degree murder charge arises from Ms. Collins' attempts to destroy evidence of the manslaughter. According to

1

the State, shortly after the hit-and-run, Ms. Collins called her boyfriend, Gerald Robichaux, and told him she "hit something" with her car and sent him text messages implicating herself in the hit-and-run. Mr. Robichaux then reported the hit-and-run to police and provided police with Ms. Collins' last known location, incriminating text messages from Ms. Collins, and a written statement. Ms. Collins was later arrested for the hit-and-run and charged with manslaughter. After her arrest, the State claims that Ms. Collins further incriminated herself in recorded jailhouse phone calls with Mr. Robichaux.

Ms. Collins was released on a surety bond in March 2020 and arraigned in October 2020. Ms. Collins was formerly represented by privately-retained counsel, Stavros Panagoulopoulos, in the manslaughter case. On January 8, 2021, the State provided defense counsel with discovery, including Mr. Robichaux's statement to police. Four days later, Mr. Robichaux died by asphyxiation from neck compression at Ms. Collins' house.

The State charged Ms. Collins with second-degree murder of Mr. Robichaux; she claims she was defending herself against Mr. Robichaux's violent attempt to kill her. The State alleges numerous inconsistencies between Ms. Collins' version of events and the physical evidence, including numerous blunt force injuries to Mr. Robichaux's body with no significant injury to Ms. Collins' body, despite the size difference between Mr. Robichaux and Ms. Collins—he was 5'11" and 205 pounds while she was 5'4" and 145 pounds. Further, despite Ms. Collins' claim that Mr. Robichaux violently attacked her, investigating officers found Ms. Collins' house in relatively little disarray. Ms. Collins also told investigating officers that "[Mr. Robichaux] has something hanging over me. I am out on bond for a situation he put me in and that he bailed me out on[.]"

2

In April 2022, the State filed a notice of intent to offer evidence from the manslaughter case—including Mr. Robichaux's statement to police and records from his cellphone—at the murder trial, as evidence of Ms. Collins' motive and intent, in accordance with La. C.E. art. 404(B)(1). Ms. Collins did not oppose the State's notice. The district court granted the State's notice, finding that the State's evidence supported a finding that Ms. Collins committed the hit-and-run, that the probative value outweighed the risk of prejudice to Ms. Collins, and that the evidence was not being introduced to show Ms. Collins' bad character.

On November 2, 2022, Ms. Collins and her attorney, Bradley Phillips,[1] appeared before the district court for a pre-trial conference on the murder case. During this conference, the district court asked whether Ms. Collins' attorney in the manslaughter case would be attending the murder trial, since much of the manslaughter evidence would be introduced at the murder trial. Counsel informed the district court that Ms. Collins' other attorney had been suspended from the practice of law and would be unable to represent her at the murder trial. The district court suggested that, in light of the State's intent to introduce the manslaughter evidence at the murder trial, Ms. Collins had a constitutional right to the presence of her manslaughter attorney at the second-degree murder trial. Because Ms. Collins' retained manslaughter attorney could not represent her at the murder trial, the district court, on its own motion, reversed its prior ruling granting the State's notice of intent to introduce other crimes evidence and barred introduction of manslaughter evidence at the murder trial.

---

[1] At the time of the pre-trial conference, Ms. Collins was represented by private counsel in her manslaughter case and by separate, appointed counsel in her murder case.

Ms. Collins later hired a new attorney, C. Gary Wainwright, to defend against the murder charge. On December 21, 2022, the State filed a motion to reconsider the district court's November 2, 2022 ruling barring manslaughter evidence at the murder trial. The State argued that Mr. Wainwright's representation warranted reconsideration, because he was capable of representing Ms. Collins on both the manslaughter and murder charges, thereby alleviating the district court's concern as to Ms. Collins' right to counsel in both cases. The district court maintained its earlier reversal, again basing its decision on the unavailability of Ms. Collins' chosen lawyer for her manslaughter charge at the murder trial. The State's writ application followed.

## DISCUSSION

The State contends the district court erred in reversing its judgment granting the State's notice of other crimes evidence, pursuant to La. C.E. art. 404(b)(1), based on Ms. Collins' right to counsel. The State argues that the district court's earlier ruling permitting introduction of other crimes evidence was correct, and that Ms. Collins' right to counsel does not prohibit introduction of the other crimes evidence solely because her chosen attorney in the manslaughter case is unable to represent her in the murder trial, where she has separate retained counsel. We agree.

The Sixth Amendment of the United States Constitution and Article 1, section 13 of the Louisiana Constitution ensure similar rights to the assistance of counsel for criminal defendants. Under both federal and state law, a criminal defendant who has hired his or her own counsel has a right to both effective representation and to counsel of his or her choosing. *State v. Reeves*, 06-2419, pp. 37–38 (La. 5/5/09), 11 So.3d 1031, 1056–57. But, the right to counsel is not

4

unlimited. *State v. Major*, 22-00387, p. 2 (La. 3/9/22), 333 So.3d 1231, 1232. "A defendant may not 'insist on representation by a person who is not a member of the bar[.]' *Id.* (quoting *Wheat v. United States*, 486 U.S. 153, 152, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140, 159 (1988)). And "there can be no violation of the right [to counsel] if the defendant's 'counsel' of choice is not licensed to practice law." *Id.* Moreover, "neither [the Louisiana Supreme Court] nor the United States Supreme Court has found that criminal defendants have a constitutional right to have more than one retained counsel present at trial." *State v. Givens*, 99-3518, p. 10 (La. 1/17/01), 776 So.2d 443, 452. Lastly, the right to counsel "cannot be manipulated to obstruct the orderly procedure of the courts and cannot be used to interfere with the fair administration of justice." *Major*, 22-00387, p. 2, 333 So.3d at 1232. (citing *State v. Bridgewater*, 00-1529, p. 20 (La. 1/15/02), 823 So.2d 877, 896).

We find no impairment of Ms. Collins' right to counsel by introduction of the manslaughter evidence at her murder trial without her former counsel on the manslaughter charge. Ms. Collins has retained a prominent criminal defense attorney with decades of experience to represent her at the murder trial. There has been no suggestion that Ms. Collins' newly-retained attorney is incapable of representing her with regard to the introduction of other crimes evidence from her manslaughter case. And Ms. Collins has no constitutional right to have a second attorney of her choosing present at trial when chosen counsel is ineligible to practice law. Thus, we find the district court erred in finding Ms. Collins' right to counsel would be violated by granting the State's notice of intent.

Further, we agree with the district court's initial ruling that the other crimes evidence at issue satisfies the standard for admissibility under La. C.E. art. 404(B)

and its probative value outweighs its risk of prejudice to Ms. Collins. The State produced sufficient evidence to support a finding that Ms. Collins committed the manslaughter. *See State v. Taylor*, 16-1124, p. 21 (La. 12/1/16), 217 So.3d 283, 297 (holding La. C.E. art. 1104 requires that "the state must provide sufficient evidence to support a finding that the defendant committed the other crime, wrong, or act[.]"). And the significant probative value of the evidence to establish Ms. Collins' alleged motive and intent outweighs the risk of prejudice. Accordingly, we find that the district court erred in denying the State's motion for reconsideration.

In opposition, Ms. Collins does not address the merits of the State's argument; rather, she contends that the State's writ application is untimely, because it failed to seek timely review of the district court's November 2, 2022 ruling. The State's motion to reconsider based on a change in circumstances, she argues, was a subterfuge by the State to obtain a second hearing on the issue and a second opportunity to seek review with this court. But, a district court has discretion to reconsider a ruling on a motion to suppress. *See State v. Cole*, 434 So.2d 1103, 1103 (La. 1983); *State v. Adams*, 521 So.2d 470, 471 (La. App. 4th Cir. 1988); *State v. Picot*, 09-0967, p. 3 (La. App. 4 Cir. 12/1/09), 2009 WL 10297504 (*unpub.*). And though the district court's *sua sponte* November 2, 2022 ruling was not the result of a motion to suppress, its effect of barring evidence previously deemed admissible was no different. Given the material change in circumstance established by the State—Mr. Wainwright's enrollment and his ability to represent Ms. Collins in both cases—we find no abuse of discretion in the district court's reconsideration of its ruling.

In a related argument, Ms. Collins contends that the State's December 21, 2022 motion to reconsider is barred by the law of the case principle and that this principle should be applied equally to the State and to the accused.

The law of the case principle is a discretionary guide that relates to, among other things, the binding force of a trial judge's ruling during the later stages of trial. *Washington v. Aetna Life Ins. Co.*, 03-0790, p. 3 (La. App. 4 Cir. 7/2/03), 853 So.2d 34, 36.

> The reasons for the law of the case doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. . . . However, the law of the case principle is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur."

*Id.*, 03-0790, p. 3, 853 So.2d at 36–37.

Here, the same reasons for permitting a district court to reconsider its ruling on a motion to suppress justify derogation from the law of the case principle, given the significance of the other crimes evidence at issue and the manifest injustice that would occur otherwise. Further, in light of the fact that the district court's *sua sponte* reversal of its own ruling—the law of the case—precipitated the State's later motion to reconsider, we find Ms. Collins' arguments as to equal treatment among the parties unpersuasive.

## CONCLUSION

For the foregoing reasons, we reverse the district court's December 21, 2022 judgment denying the State's motion to reconsider reversal of ruling and we deny the State's motion to supplement as moot.

**REVERSED; MOTION TO SUPPLEMENT DENIED AS MOOT**